J. M. OSBAN *et al.*, *Appellants*, v. J. P. COOPER *et al.*, *Appellees.*

1. Under Section 808 Gen. Stats. of 1906, the question of the necessity for the erection of a court house in a county is left entirely to the judgment and discretion of a majority of the Board of County Commissioners of the county.

2. When the requisite notice for thirty days is given as prescribed in the statute, that at the next regular meeting of the board of county commissioners after the publication of the said notice the question of the erection of a court house will be acted upon by said board, and at such meeting a majority of said board shall determine that it is necessary to erect such building, they may levy the authorized tax.

3. The notice provided for by Section 808 General Statutes of 1906 is required to give the people of the county an opportunity to appear and discuss with the board the necessity for the erection of a court house and other matters connected therewith. If a majority of the board then determine that it is expedient or necessary to erect such building, they have the power to levy the prescribed tax for that purpose.

4. In the absence of fraud or abuse of discretion clearly shown the requisite action duly taken by a majority of the board of county commissioners within the authority given by statute is not subject to review by the courts.

Appealed from the Circuit Court for Brevard County.

The facts in the case are stated in the opinion of the court.

*Geo. M. Robbins* and *Stewart & Bly,* for Appellants;

*Minor S. Jones* and *Landis & Fish,* for Appellees.

WHITFIELD, C. J.—A bill of complaint was filed by residents, voters and taxpayers in the Circuit Court for Brevard County to declare void a tax levy of five mills made by the county commissioners for the purpose of erecting a new court house for the county and to enjoin the collection of said tax. Answers were filed and a demurrer was incorporated in one of them. A temporary injunction against the collection of the tax was granted, and the defendant county commissioners, tax assessor and tax collectors appealed.

The bill of complaint in effect alleges that the presentment of the grand jury at the November Term, 1910, of the Circuit Court for Brevard County contained the following: "We recommend that the attention of the county

commissioners be called to the inadequate size of the
court room and that provision be made by them for more
space.   Also that necessary repairs be made to the win-
dows of the court house;" that at the Spring Term, 1911,
the grand jury made the following presentment:  "We
looked into report of last grand jury in regard to an addi-
tion to court house and find the condition and situation
of same at present makes it almost impossible to make any
addition that will materially improve the court room;"
that at the April, 1911, session of the Board of county
commissioners "the Hon. Minor S. Jones, who was at
the time Judge of the Circuit Court, appeared before said
board and recommended in accordance with the present-
ments of the two grand juries heretofore mentioned, that
at comparatively slight expense the court room of the
court house could be enlarged sufficiently to give all the
space and room necessary or required for the business of
the court; and in accordance with this recommendation
and suggestion the said board of county commissioners
appointed a committee to prepare plans and specifications
for an addition to the court house as above stated;" that
this committee made no report to the board of county
commissioners as directed by the resolution under which
the committee was appointed; that at the May, 1911, meet-
ing of the county commissioners "it was moved, seconded
and carried that the question of erecting a suitable court
house for Brevard County be taken up at the next meet-
ing of the board, and the clerk is instructed to publish
notice of the same;" that in the issues of May 5, 12, 19, 26
and June 2, 1911, of the East Coast Advocate, a weekly
newspaper published in the Town of Titusville, was pub-
lished the following:

"'NOTICE:   At the next regular meeting of the Board
of County Commissioners of Brevard County, Florida, in

June, 1911, the question of erecting a suitable Court House for Brevard County will be acted upon by said Board, and if at said meeting a majority of the Board shall determine that it is necessary to erect such Court House, a building tax will be levied to secure funds therefore in accordance with Chapter 5698, Laws of Florida. (SIGNED) Wm. A. Heaton, Chairman Board of County Commissioners, Brevard County, Florida, by order of the Board.' THAT no copy of this notice nor the original appears on the minutes or proceedings of said Board, nor in the files of the Clerk of said Board, nor is there any reference to the same in the proceedings of the Board of County Commissioners EXCEPT as above stated, nor has there been any proof of the publication of said notice filed with the Board or with its clerk.

THAT the minutes of the said Board of County Commissioners for their June Session, A. D. 1911, shows the following proceedings on the part of said commissioners: 'The following resolution was presented by Mr. J. M. Osban, and seconded by Mr. E. B. Arnold as follows: Resolved that whereas, the inadequacy of the present Court House building has been called to the attention of this Board by the Grand Jury, and it appears that any further additions to the present wooden structure would be a waste of money and the Board having given thirty (30) days' notice in the East Coast Advocate, published at the County Seat, that at this meeting of the Board, the question of erecting a new Court House would be acted upon: And a majority of the Board having determined that it is necessary to erect such building.

NOW, THEREFORE, it is ordered that a new Court House be erected on the County property at Titusville, and a building tax is hereby levied of five (5) mills per annum for three (3) consecutive years, in lieu of all other

county building tax. The vote of the members of the Board was taken, with the following result: Voting for the resolution, Messrs. J. M. Osban, E. B. Arnold and P. L. Kyzer; voting against the resolution, Messrs. W. A. Heaton and S. E. Osteen; the resolution was adopted by a 3-5 vote.' Said extract from the minutes is taken from the Commissioners record number six (6) on page 76, paragraph 19, which is a part of the minutes of the proceedings of said Board at their meeting of June 7th, 1911, that paragraph twenty (20) of said minutes is as follows: 'Petition of 340 tax payers and citizens of Brevard County, protesting against the levy of a five (5) mill tax to build a new Court House for Brevard County was received and carefully considered, and the Board having ascertained that there are 1,109 registered voters and over 4,500 citizens in Brevard County, and the petition having only 340 names, the Board is of the opinion that said petition does not represent the sentiment of a majority of the citizens and tax payers of Brevard County.'

THAT paragraph five (5) of the minutes of said Board of County Commissioners for their July Session as the same appears on page 82 of Commissioners' Record Number six (6) is as follows: 'Protest of citizens of Cocoa and other precincts in Brevard County, protesting against levying a building fund to build a new court house in Brevard County was received and filed.'

THAT paragraph twenty (20) of said minutes is as follows: 'The following motion was offered by S. A. Osteen and seconded by W. A. Heaton ———— WHEREAS a majority of the registered voters and of the tax payers of the county have filed their protest against the levying of a five (5) mill tax to build a new court house at Titusville, because the same is unnecessary; and whereas it appears that the same is unnecessary and would be a waste-

ful expenditure of public money since an addition to the present court house would meet every demand for use and convenience, therefore be it ordered that the previous order of this Board, made at the last meeting looking to the levy of such tax be and the same is hereby rescinded and declared null. A vote of the board was taken, S. A. Osteen and W. A. Heaton voting for the resolution, and J. M. Osban, P. L. Kyzer and E. B. Arnold voting against the motion. The motion was declared lost by a 3-5 vote.'

THAT a part of paragraph nineteen (19) of said minutes is as follows: 'Immediately after reviewing and correcting the assessment roll, made by the County Tax Assessor for the year 1911, the Board proceeded to ascertain and determine the amount of money to be raised by tax for County purposes and levied for such purposes under the head of County revenue, general fund, five (5) mills. They further levied for County school purposes a tax of seven (7) mills. They further levied under Chapter 4777, Laws of Florida, a tax of three (3) mills for public roads and bridges. They further levied for the year 1911 in accordance with the levy authorized at the regular meeting in June, 1911, a building tax of five (5) mills;'" that by the insertion of the word "suitable" in the published notice of the proposed action of the county commissioners the voters and tax payers of the county were misled and were led to believe that instead of acting upon the question of erecting a new court house the county commissioners would act upon the question of erecting an addition to the present court house building as had been recommended by the Circuit Judge and the grand jury; "that various and divers citizens and tax payers of Brevard County after they learned of the notice published in the East Coast Advocate appealed to Wm. A. Heaton, Chairman of the Board of County Commissioners, for in-

formation as to what was intended by the notice, and they weer informed by said Wm. A. Heaton that the publication was intended to give notice that the board expected to act upon the question of whether or not they should proceed to erect the addition to the court house that had been recommended by the Circuit Judge and grand jury; that conflicting opinions as to the meaning of the published notice appeared in the newspapers of the county; that a great many citizens and tax payers of the county were misled by the assurances received from the chairman of the board and by Mr. Osteen, another of its members that the building of a new court house was not contemplated; that the insertion of the word "suitable" in the notice also misled the citizens and tax payers, yet at the June meeting of the county commissioners when the action was taken a protest was filed signed by 340 of the tax payers and voters of the county; that at the July meeting of the county commissioners a protest against levying a special tax to build a new court house was filed by a large majority of the citizens and tax payers and registered voters of the county; that the protest was filed, but the board stated that it came too late, and should have been filed at the June meeting; that the majority of the Commissioners in this matter acted in bad faith, for at the June meeting they overruled the protest on behalf of the 340 protestants for the reason that the protest did not represent a majority of the citizens and tax payers of Brevard County, and if the majority of said board did wish to act in good faith and in accordance with the desires and wishes of a majority of the registered voters and citizens of Brevard County, they should have permitted it to be shown to them that the last protest was made by more than a majority of the citizens and tax payers of Brevard county and, further-

more, this should have been allowed to be shown to said Board of County Commissioners for the reason that the levy of the tax to erect a new court house had not yet been levied at the time of the presentation of this second protest and the offer to introduce evidence as to the protest being made by a large majority of the registered voters, but said tax was levied at this same July meeting. AND your orators charge that the otherwise harsh and arbitrary proceeding in this behalf by said Board was in fraud of the rights of your orators and of the majority so protesting as aforesaid."

Section 1 of Chapter 5698, Acts of 1907, is as follows:

"Section 1.   That Section 808 of the General Statutes of the State of Florida, be and the same is hereby amended so as to read as follows:

808.   (609)   Notice and Tax.—Whenever any Board of County Commissioners shall deem it necessary to erect any courthouse or jail, they shall give notice for thirty days in some newspaper published in said county, or in some newspaper published in the Judicial Circuit, if there be none published in the county; that at the next regular meeting of the Board after the publication of the said notice, the question of erecting a court house or jail or both will be acted upon by said Board.   If, at said meeting, a majority of said Board shall determine that it is necessary to erect such building or buildings, they may levy a building tax not exceeding five mills per annum for five consecutive years in lieu of all other county building tax.   The tax so levied shall be assessed and collected at the same time and in the same manner as other State and county Taxes are levied and collected."

Under this statute the question of the necessity for the erection of a court house in a county is left entirely to the judgment and discretion of a majority of the Board of

County Commissioners of the County. When the requisite notice for thirty days is given as prescribed in the statute, that at the next regular meeting of the board after the publication of the said notice the question of the erection of a court house will be acted upon by said board, and at such meeting a majority of said board shall determine that it is necessary to erect such building, they may levy the authorized tax. The notice is required to give the people of the county an opportunity to appear and discuss with the board the necessity for the erection of a court house and other matters connected therewith. If a majority of the board then determine that it is expedient or necessary to erect such building, they have the power to levy the prescribed tax for that purpose. See Gamble v. State, 61 Fla. 233, 54 South. Rep. 370.

In the absence of fraud or abuse of discretion clearly shown the requisite action taken by a majority of the board of county commissioners within the authority given by the statute is not subject to review by the courts.

As the necessary notice was given and the required action was taken by a majority of the board, the inquiry is whether fraud or abuse of discretion is clearly shown by the record.

The fact that the word "suitable" was inserted in the published notice of the action contemplated to be taken by the board at its June meeting with reference to the erection of a court house for the county, does not render the notice illegal or insufficient. Notice is not required except of intention to take action relative to "the question of erecting a court house" and the use of the word "suitable" could not reasonably have misled any one as to the purpose of the notice required by the statute. But for the statute the notice is wholly immaterial; and if it conveyed any information binding on the county or its of-

ficers it had reference to the only notice required by the statutes which relates to the erection of a court house.

Information given by members of the board or by publications as to the intent of the board contrary to the notice is of no avail against action duly taken by the board. The statutory requirement as to notice was substantially complied with. If the notice given did in fact mislead some of the citizens of the county, the majority of the board were not responsible for it, and it does not appear that they took any undue advantage of any one in the official action complained of. Proof of the publication of notice is not required by the statute to be filed by the county commissioners, though it would be well for such proof to be filed by them.

Even without reference to the denials and averments of the answer of a majority of the Board of County Commissioners, the allegations of the bill of complaint and the averments in the answers of the two dissenting commissioners do not show fraud or abuse of discretion on the part of the majority of the board in taking the action requisite for levying the tax as provided by the statute.

Whether the majority of the board had proper regard for the wishes of the citizens and tax payers of the county in taking the action they did is not for the court to determine where the statutory powers are not exceeded. If only the statutory authority was exercised and there was no actual or constructive fraud or abuse of discretion in the action taken, the courts can afford no relief. The effect of the action complained of is to require the collection of a five mill tax for building purposes for the year 1911. This is of itself not a violation of law, and the legality and expediency of the use of this as well as of future levies and collections may be adequately safeguarded by proper and timely procedure.

The action complained of was taken in June, 1911, while this bill was not filed till October, and the injunction was not asked for till December 30th, before which time the law required the levy to be made and the assessment rolls to be complete and the collection to have begun in due course.

However the tax levy may affect the best interests of the citizens and tax payers of the county, there is here made no adequate showing for an injunction, since the action taken was authorized by law.

The order granting the injunction is reversed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.