Borland, *et al.,* v. Towles, *et al.*—Syllabus.

D. S. Borland, *et al., Appellants,* v. W. H. Towles, *et al., Appellees.*

## Opinion Filed February 9, 1915.

1. No notice is required to be given of the levy of a tax by the county commissioners to build a court house under Chapter 5698 of 1907.

2. The court will not control the discretion of county commissioners in making a contract for the building of a court house when acting in good faith and within their statutory powers, and fraud or illegality is not clearly shown.

3. Chapter 5698 Acts of 1907, authorizing the county commissioners to "levy a building tax not exceeding five mills per annum for five consecutive years in lieu of all other county building tax" does not require an accumulation of the fund from the annual tax before a contract can be made for erecting a court house.

Appeal from Circuit Court for Lee County; F. A. Whitney, Judge.

Order affirmed.

*James F. Glen* and *Sparkman & Carter,* for Appellants;

*C. W. Stevens,* for Appellees.

Per Curiam.—This appeal is from an order denying an injunction to prevent the carrying out of a contract made by the County Commissioners of Lee County to demolish the present court house building and to erect a new court house building in the county, and to enjoin the issue of warrants for payments under the contract.

It is contended (1) that the county commissioners had no power to make the contract for the erection of a new court house in anticipation of funds to be derived from tax levies made to cover a period of five years; (2) that the warrants issued for the payments and made payable during future five years are illegal; (3) that the tax levy to meet the contract was illegally changed from two mills for two years to three mills for five years; (4) that the contract made is an abuse of discretion; (5) that the contract is illegal.

Chapter 5698 Acts of 1907, provides that if the county commissioners shall duly determine that it is necessary to erect a court house or jail, or both, "they may levy a building tax not exceeding five mills per annum, for five consecutive years in lieu of all other county building tax." Under this authority the county commissioners could at an adjourned meeting and without giving notice levy a tax of three mills, for five consecutive years, even though they had previously levied only two mills for two years. No notice is required to be given for the tax levy to be valid. The statute does not require that the funds derived from successive tax levies shall be collected in whole or in part before the power to contract for the erection of a court house can be exercised; and the courts will not control the discretion of the county commissioners in making the contract when they act in good faith and within their statutory powers. A clear case of abuse of authority is not made to appear. See Osban v. Cooper, 63 Fla. 542, 58 South. Rep. 50. The statute does not prescribe the form and character of the warrants to be issued by the county commissioners in payment of county indebtedness; and the warrants to be issued in this case payable at future dates do not in effect loan the credit

of the county to any one in violation of Section 10 of Article IX of the Constitution. The matters complained of may indicate a lack of proper appreciation of official responsibility; but they do not clearly show fraud or illegality in the contract or in the amount agreed to be paid, ~d as to justify a court of equity in annulling the proceedings that are authorized by statute.

Order affirmed.

~ Taylor, C. J., and Shackleford, Cockrell, Whitfield and Ellis, JJ., concur.