WALLACE G. BOWDEN, *Appellant,* v. E. A. RICKER, *Appellee.*

## Opinion filed July 13, 1915.

1. Under the provision of Section 5 of Article VIII of the constitution, that powers and duties of county commissioners "shall be prescribed by law," the authority of such officials is only such as may be conferred by statutory regulations.

2. When authority to act appears, a wide discretion in acting should be accorded to county commissioners, where no question of fraud is presented.

3. The courts will not control the discretionary acts of county commissioners done within their statutory powers where fraud or abuse of discretion is not clearly shown.

4. The power given to the county commissioners by the statute to designate a newspaper for the publication of the delinquent tax lists implies discretion, and includes the power to reconsider and to re-designate, when private rights are not directly injured, if the interests of the public require it; and the action of such officers is presumed to be *bona fide* for the public good.

5. Where no fraud or illegality is alleged, mere allegations that the county commissioners have reconsidered a designation of a newspaper and have without authority made another designation of a different newspaper for the publication of the delinquent tax lists of the county, that the first newspaper is of greater circulation than the latter, and that such action will

subject the taxpayers of the county to the expense of compensating the first newspaper for the labor expended in setting into type and forms the "list or a part thereof," with no definite allegation showing liability of the county, do not show an abuse of authority or discretion on the part of the county commissioners.

Appeal from Circuit Court, Duval County; D. A. Simmons, Judge.

Order affirmed.

*Geo. C. Bedell,* for Appellant;

*Thos. B. Adams,* for Appellee.

PER CURIAM.—The bill of complaint herein is as follows: "Wallace G. Bowden, who is a resident and citizen of Duval County, Florida, brings this his bill of complaint in his own behalf and in behalf of other taxpayers of Duval County, Florida, similarly affected, against E. A. Ricker, P. S. Bowen, George H. Brown, J. J. Lord and John H. Patterson, County Commissioners for Duval County, Florida; Frank Brown, Clerk of the Circuit Court for Duval County, Florida, and ex-officio Clerk of the Board of County Commissioners for Duval County, Florida, and John W. Rast, Tax Collector for Duval County, Florida, and thereupon complains and says:

1. That the plaintiff is a citizen and resident of the County of Duval and State of Florida, and is now and was at the time of the happening hereafter mentioned the lawful owner of lands and tenements situate in said county, subject to taxation by the State of Florida and County of Duval and whereon the plaintiff from time to time pays lawfully assessed taxes.

2.   That the defendants, E. A. Ricker, P. S. Bowen, George H. Brown, J. J. Lord and John H. Patterson together compose the Board of County Commissioners of Duval County, Florida; that the defendant Frank Brown is the Clerk of the Circuit Court for Duval County, Florida, and ex-officio Clerk of the Board of County Commissioners, and John W. Rast is Tax Collector for Duval County, Florida.

3.   That at a regularly convened meeting of said Board of County Commissioners held at their office in Duval County Court House on the eighth day of May, 1915, the said Board adopted a resolution that the 'Florida Metropolis' a newspaper published in the City of Jacksonville in the County of Duval and State of Florida be designated as the paper in which to publish the 1914 delinquent tax list.

4.   That at the said meeting the said Board did duly adopt a further resolution whereby the Clerk of the said Board was directed to notify the defendant Rast that the 'Florida Metropolis' aforesaid had been designated as the newspaper in which to publish the 1914 delinquent tax list, and that a copy of the said list be delivered to said 'Florida Metropolis' for publication.

5.   That thereafter in obedience to the said resolution, defendant Rast did make up and deliver to the publishers of the said 'Florida Metropolis' a copy of the said list or a part thereof, and that said publishers did forthwith proceed to have said list so furnished by the defendant Rast set up into type and forms for printing and publication in the said newspaper.

6.   That the said list consists in great part of arbitrary figures, names and symbols such as are customarily used for the description of land, requires great care both

in the type-setting and in the proof-reading to avoid errors and mistakes, and that the setting of such matter into type for printing in a newspaper requires the labor of skilled and expert type-setters and consumes a great deal more time than ordinary news composition.

7.  That thereafter and subsequent to the setting into type and forms of said matter, on the 15th day of May, 1915, the defendants Ricker, Lord and Patterson did convene together at the Court House in Duval County, Florida, and agree upon a resolution in the words and figures following, to-wit:

'RESOLVED:  That the Board's vote at its last meeting in awarding the publication of the county tax list to the Metropolis be and the same is hereby reconsidered and rescinded.'  And thereafter such proceedings were had and taken by the said Ricker, Lord and Patterson that the said Ricker did declare that by the votes of a majority of the Board, 'Dixie' the same being a newspaper published in Duval County, Florida, 'is designated as the newspaper in which to publish the 1914 delinquent tax list,' and the said Ricker did thereupon offer the following resolution and move its adoption, that is to say:

'Be it resolved that the Clerk of the County Commissioners is directed to notify Tax Collector Rast,' the same being defendant Rast 'of Duval County, Florida, that 'Dixie' a weekly newspaper published in Jacksonville, Duval County, Florida, has been designated as the newspaper in which to publish the 1914 delinquent tax list, and that the copy of the said list be delivered to the said 'Dixie' for publication.'

And the said resolution was adopted by unanimous vote of the said Ricker, Lord and Patterson.

8.  Plaintiff says that the said defendants Ricker, Lord and Patterson claim and pretend that their said

meeting had on the 15th day of May, 1915, was a meeting of the Board of County Commissioners for Duval County, Florida, and that the action taken by the said defendants on the said day cancelled and annulled the designation of the 'Florida Metropolis' newspaper made on the 8th day of May, 1915, alleged in the third and fourth paragraphs of this bill of complaint. And plaintiff alleges that by the said designation mentioned in the third paragraph of this bill and the acts in consummation thereof mentioned in the fourth and fifth paragraphs of this bill defendants had lost all jurisdiction with respect to said designation and were powerless to rescind the same.

9.    Plaintiff further alleges that the 'Florida Metropolis' is a daily newspaper of greater circulation than the 'Dixie' newspaper and that there existed no valid reason for any rescission of the action mentioned in the third and fourth paragraphs of this bill.

10.    Plaintiff further alleges that the rescission of the resolutions mentioned in the third and fourth paragraphs of this bill will subject the taxpayers of Duval County, Florida, to the expense of compensating the publishers of the 'Florida Metropolis' for the labor expended in setting into type and forms the matter mentioned in the fifth paragraph of this bill, and that under the laws of the State of Florida the publication of the list in two newspapers would invalidate the entire sale for taxes for the year 1914 with corresponding loss to the taxpayers of Duval County, Florida.

WHEREFORE, Plaintiff prays that by a decree of this court said defendants and each of them be enjoined and restrained from any acts in repudiation of the resolution mentioned in the third and fourth paragraphs of this bill and from any interference with the publication in

the 'Florida Metropolis' newspaper of the delinquent tax list for the year 1914 until the further order of the court that by final decree said defendants and each of them may be so enjoined and restrained perpetually. And plaintiff prays process of subpoena and injunction against said defendants in the usual form."

The following demurrer was filed: "Come now the defendants in the above styled cause, and severally demur to complainant's bill of complaint because the same is bad in substance.

#### MATTERS OF LAW TO BE ARGUED.

1st. There is no equity in complainant's bill of complaint.

2nd. Complainant's bill makes no showing that the alleged action of the Board of County Commissioners, taken on May 15th, 1915, will bring about any illegal expenditure of the public funds to the injury of complainant as a taxpayer.

3rd. The alleged designation of the Florida Metropolis made on May 8, 1915, did not constitute a contract between the Board of County Commissioners and that newspaper, nor did such designation create any obligation upon which the County of Duval could be held liable.

4th. The power given by statute to the County Commissioners to designate a newspaper to print the delinquent tax list implies discretion and includes the power to reconsider and to re-designate if the interests of the public require it, and that it has not been made to appear by the bill of complaint that the Commissioners in making the re-designation on May 15, 1915, did not act in good faith and for the public good.

5th. The bill of complaint makes no showing of

fraud or abuse of discretion on the part of the Board
of County Commissioners in reconsidering their former
action and in designating Dixie as the newspaper in
which the tax list should be published.

. 6th.    The bill of complaint does not make a sufficient.
showing of the extent or of how much of the tax list has.
been set up in type by the Florida Metropolis, so as to
warrant injunction by a Court of Equity.

7th.    Complainant's bill of complaint does not show
any binding obligation on the part of the Florida Metrop-
olis to publish the alleged tax list, nor does it show that.
any part of same has yet been published."

On such demurrer the following order was made :
"The within demurrer having been duly argued and con-
sidered upon the application of the complainant upon a
temporary restraining order, as prayed in the bill of com-
plaint, it is ordered, adjudged and decreed that the said
demurrer be and the same is hereby sustained and tempo-
rary restraining order thereupon denied."    An appeal
was taken by the complainant.

Under the provisions of Section 5 of Article VIII of
the Constitution, that the powers and duties of county
commissioners "shall be prescribed by law," the authority
of such officials is only such as may be conferred by stat-
utory regulations.    Board of Com'rs of Escambia County
v. Board of Pilot Com'rs of Port Pensacola, 52 Fla. 197,
42 South. Rep. 697; Parker v. Evening News Pub. Co.,
54 Fla. 544, 45 South. Rep. 309.    When authority to act
appears, a wide discretion in acting should be accorded
to county commissioners, where no question of fraud is
presented.    The courts will not control the discretionary
acts of county commissioners done within their statutory
powers where fraud or abuse of discretion is not clearly

shown. Osban v. Cooper, 63 Fla. 542, 58 South. Rep. 50; Borland v. Towles, 69 Fla. 125, 67 South. Rep. 640.

The statute provides that the delinquent tax lists shall be published "in some newspaper published in the county * * * said newspaper to be selected by the board of county commissioners at their first regular meeting in February of each year." It was held in Townsend v. Brown, 69 Fla. 155, 67 South. Rep. 869, that a failure to select the newspaper in February, followed by a proper selection in due time for the required publication of the notice of a tax sale, apparently would not affect the tax-payer's rights.

Fraud is not alleged. Relief is sought upon the theory that one designation of a newspaper having been made the county commissioners had lost all jurisdiction with respect to said designation and were powerless to rescind the same; and that the rescission of the designation of the "Florida Metropolis" will subject the tax-payers of Duval County to the expense of compensating the publishers of the "Florida Metropolis" for the labor expended in setting into type and forms the "list or a part thereof" received from the tax collector; and that the publication of the list in two newspapers would invalidate the entire sale with corresponding loss to the taxpayers of Duval County.

In Parker v. Evening News Pub. So., 54 Fla. 544, 45 South. Rep. 309, it was held that the power given to the county commissioners by the statute to designate a newspaper for the publication of the delinquent tax lists implies discretion, and includes the power to re-consider and to re-designate, when private rights are not directly injured, if the interests of the public require it; and the

action of such officers is presumed to be *bona fide* for the public good.

It is alleged that the defendant Rast, Tax Collector, "in obedience to the said resolution" of the county commissioners, "did make up and deliver to the publishers of the said 'Florida Metropolis' a copy of the said list or a part thereof, and that said publishers did forthwith proceed to have said list so furnished by the defendant Rast set up into type and forms for printing and publication in the said newspaper."

The statements of fact in the bill of complaint do not show that the rescission of the first designation or the alleged "setting into type and forms" the "list or a part thereof" received from the tax collector "will subject the taxpayers" of Duval County, Florida, to the expense "of such setting into type and forms." See Payne v. Washington County, 25 Fla. 798, 6 South. Rep. 881. The allegations that the "Florida Metropolis" is a daily newspaper of greater circulation than the "Dixie" newspaper, and that there existed no valid reason for any rescission of the designation of the "Florida Metropolis," do not show an abuse of authority or of discretion on the part of the county commissioners.

As fraud or abuse of official discretion to the injury of a taxpaying citizen is not shown by the allegations as to the action of the county commissioners complained of, the order of the court sustaining the demurrer to the bill of complaint and denying a temporary restraining order was proper and is hereby affirmed.

TAYLOR, C. J., SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.

WHITFIELD, J., absent.