PER CURIAM.
This case involves a dispute between two factions of a congregational, as distinguished from a hierarchical church. (See Baldwin v. Mills, 344 So.2d 259 (Fla. 1st DCA 1977) and cases therein cited) Although civil courts may not constitutionally delve into matters of an ecclesiastic nature they have the right, indeed the duty, of applying and enforcing sterile principles of property law. (Baldwin v. Mills, supra).
The law is also well settled that it is the obligation of an appellate court to approve and affirm a final judgment of a trial court which achieves a correct result even though the basis or reasoning applied by the trial court is erroneous. (Jones v. Dove, 300 So.2d 758 (Fla. 1st DCA 1974)).
Sub judice, we agree with appellant that the basis announced by the learned trial judge for the conclusion reached in the final judgment here appealed is incorrect; however, the result we find to be in accordance with the evidence and applicable law.
The resolution to incorporate approved by a majority of the congregation of the unincorporated church does not clearly reveal (does not prove by a preponderance of the evidence) an intent to authorize the trustees of the unincorporated church to convey the church property to the corporation which was belatedly formed. Accordingly, there is insufficient basis in the record to validate the conveyance by the church trustees (assuming arguendo that they enjoyed the status as trustees on the date they executed the purported deed, such status being in dispute but unnecessary for us to resolve) to the corporation, appellant here. Therefore, applying sterile principles of law, we conclude that the learned trial judge did not err in the result achieved by the final judgment here appealed.
AFFIRMED.
McCORD, C. J., and BOYER and MILLS, JJ., concur.