353 So.2d 669 (1978)
Lloyd Byron CROFT, Sr., and Clyde Croft, His Wife, Appellants,
v.
H. C. EDWARDS, Chairman, George E. Fletcher, Vice-Chairman, C. T. Ayers, Sec.-Treas., Celia Hendrickson, Billy Brasher, M.D., Charles Pinkoson, M.D., and Glenna Carr As and Constituting Board of Trustees of Alachua General Hospital, Gainesville, Florida, Appellee.
No. GG-209.
District Court of Appeal of Florida, First District.
January 6, 1978.
Don Peters, Gainesville, and Harley Herman, North Miami, for appellants.
James G. Feiber, Jr. of Salter, West, Doughtie & Feiber, Gainesville, for appellee.
BOYER, Judge.
Appellant Lloyd Croft, who is not a resident of Alachua County, Florida, availed himself of services rendered by the Alachua General Hospital of which appellees are trustees. Mrs. Croft, also a non-resident, signed a credit agreement incident to Mr. Croft's admission to the hospital. When the Crofts failed to pay the bill for services rendered collection procedures ensued. The Crofts resisted, asserting in their answer, inter alia, that appellees, as recipients of Hill-Burton funds from the federal government, were obligated "to provide a reasonable volume of free services for those unable to pay". Following a non-jury trial the trial judge entered a final judgment against appellants for the hospital services rendered plus interest and costs, ruling as a matter of law that appellants could not assert the Hill-Burton Act as an affirmative defense in the debt collection action because appellants (a) lacked standing, (b) have no implied right to maintain an action pursuant to the Act and (c) are not third party beneficiaries under the Act.
*670 Appellees rely heavily on Yale-New Haven Hospital v. Matthews, 32 Conn.Sup. 539, 343 A.2d 661 (C.P. 1974), cert. den., 423 U.S. 1024, 96 S.Ct. 467, 46 L.Ed.2d 398 (1975). Although we are of the view that that case is well reasoned and is clearly supportive of the final judgment here appealed we find it unnecessary to address the point sub judice. A careful examination of appellants' answer wherein numerous and repetitive defenses are sought to be raised reveals that while appellants alleged appellees to have been recipients of Hill-Burton funds and that as such they were obligated "to provide a reasonable volume of free service to those unable to pay", at no place did they allege any breach of that obligation, viz: That appellees had failed so to do. The affirmative defenses were not tested by a motion to strike, therefore there is no ruling by the trial judge as to the sufficiency of the allegations. In the absence of an allegation of a breach of duty under the Hill-Burton Act it would make no difference whether appellants had standing, had an implied right to maintain an action pursuant to the Act or were third party beneficiaries under the Act. Sub judice had appellants proven every allegation of their affirmative defenses, insofar as they related to the Hill-Burton Act, they would have proven no valid defense even with standing, an implied right to maintain an action under the Act and as third party beneficiaries.
Accordingly, without finding occasion in this case to determine the correctness of the trial court's rulings it is apparent that appellees proved the debt and appellants failed to prove a valid defense. It is a well established principle of law that an action of a trial court must be affirmed on appeal if the conclusion reached is correct though the announced basis for the conclusion is erroneous. (Jones v. Dove, 300 So.2d 758 (Fla.1st DCA 1974); and New Magnolia Baptist Church, Inc. of Branford v. Ellerker, 353 So.2d 204 (Fla.1st DCA 1977), opinion filed December 21, 1977.) We do not, however, imply disagreement with the basis announced by the trial judge sub judice. We simply do not here have occasion to make that determination.
The judgment here appealed is
AFFIRMED.
McCORD, C.J., and MELVIN, J., concur.