PER CURIAM.
Subsequent to our opinion in Cable Vision, Inc. v. Freeman, 324 So.2d 149 (Fla. 3d DCA 1975),[1] Tele-Media Co. of Key West (successor in interest to Cable Vision) filed a new action ultimately sounding in five counts, wherein it sought by:
Count I-a public referendum so as to determine the public need and interest in establishing a television translator system by Monroe County with ad valorem tax funds.
Count II-have the court declare the expenditure of funds for a television translator system by Monroe County to be for recreational purposes, requiring the holding of a public referendum pursuant to the Constitution of Florida and the Laws of Florida.
Count Ill-have nine (9) special taxing districts created within the area benefited by the translator system and to have a special referendum held so that the citizens in each district be permitted to vote concerning their need or desire for such a system.
Count IV-have damages awarded for injuries sustained by the appellant, Tele-Me-dia, by virtue of the interference by the County system with Tele-Media’s cablevision system, which amounts to a taking without due process of law.
Count V-hold the lease agreement between the County and Largo Brand Corporation invalid, and to temporarily and permanently enjoin the expenditure of County funds on construction of a translator tower on the lands leased from Largo Brand.
The trial court granted a motion to dismiss as to Counts I through IV, based upon our prior holding in Cable Vision, Inc. v. Freeman, supra. This appeal was then prosecuted.[2] We affirm.
Even, if the dismissal of Counts I through IV were not controlled by our earlier deci *377 sion, the trial court can still be correct even if the wrong reason was given. In Re Yohn’s Estate, 238 So.2d 290 (Fla.1970); Croft v. Edwards, 353 So.2d 669 (Fla. 1st DCA 1978); Supro Corporation v. Bridwell, 361 So.2d 734 (Fla. 4th DCA 1978). Examining each count in light of the law of Florida, we determine that each count fails to state a cause of action, as follows:
As to Count I-referendums are not necessary nor required for the County to enter into binding construction or service contracts for current governmental needs and requirements when done in due course of their authorized budgetary administration of public affairs. See: County of Leon v. State, 122 Fla. 505, 165 So. 666 (1936); Tapers v. Pichard, 124 Fla. 549, 169 So. 39 (1936); State v. City of Miami, 150 Fla. 270, 7 So.2d 146 (1942).
As to Count II-there is no statutory requirement to have expenditures for recreational purposes approved by referendum. See: Sections 125.01(l)(f), 125.01(l)(w), 125.01(3)(b), Florida Statutes (1979).
As to Count III-the power of the County to establish special tax districts and to hold special elections is discretionary with the County. See: Sections 125.-01(l)(q) and 125.01(l)(y), Florida Statutes (1979).
As to Count IV-See: Cable Vision, Inc. v. Freeman, supra.
Therefore, we affirm the order dismissing the first four counts here under review.
Affirmed.

. For a factual background of this dispute, this earlier opinion should be reviewed.

. It appears that Count V may be independent of Counts I through IV, although we make no determination in this opinion as to the validity of Count V.