Mr. Conrad C. Bishop, Jr. County Attorney, Lafayette County
QUESTION:
May the county lease to the chamber of commerce for a nominal amount office space in the county courthouse?
SUMMARY:
The Board of County Commissioners of Lafayette County is authorized by s. 125.38, F.S., to lease to the chamber of commerce space in the county courthouse for a nominal amount if the board makes a determination set forth in a duly adopted resolution that such use by the chamber will serve a public or community interest and welfare and that it is not needed for county purposes. The resolution must set forth the purpose for which the property is to be used, the price or rent thereof, and the term of such lease.
The Board of County Commissioners of Lafayette County wishes to know if the county is authorized to lease county-owned office space in the courthouse to the Lafayette County Chamber of Commerce. The rent for the use of the office space would be for a nominal amount.
Section 125.38, F.S., authorizes the board of county commissioners to lease or sell county property that is not otherwise needed for county purposes to a nonprofit corporation which is organized to promote community purposes. This section, in relevant part, provides that if a
 corporation or other organization not for profit which may be organized for the purposes of promoting community interest and welfare, should desire any real or personal property that may be owned by any county of this state or by its board of county commissioners, for public or community interest and welfare, then [such] . . . corporation or organization may apply to the board of county commissioners for a conveyance or lease of such property. (Emphasis supplied.)
This statute goes on to authorize the board of county commissioners to lease county property for such price, whether nominal or otherwise, as the board may set, regardless of the actual value of such property. The board must make a finding that the property is required for use by the said nonprofit corporation or organization for public or community interest and welfare and is not needed for county purposes. The statute goes on to require the board of county commissioners to set out in a resolution duly adopted by the board that an application for the property is being made, the purpose for which such property is to be used and the price or rent. In the case of a lease, the term of the lease must be recited in the resolution. No advertisement is required.
In AGO 074-219, this office construed this statute to allow a county to lease land to a private, nonprofit corporation for little league baseball use. That opinion concluded that `[w]hen the purpose of a lease of county land is itself a legitimate county purpose or is consistent with and furthers a county purpose to which the land has already been dedicated, s. 125.38, should be read as allowing such a lease if the county commissioners determine that the land is not otherwise needed for county purposes.' Cf. AGO 071-155 which concluded that the board of county commissioners of Volusia County pursuant to a special act authorizing the levy of a tax in an advertising tax district for the purpose of promoting the interests of the district, could expend funds through the chamber of commerce to lease an advertising film. See also Question 2 of AGO 073-113.
Central to the requirements of s. 125.38, F.S., is that the board of county commissioners must make a determination that the proposed lease of county property will serve the public or community interest and welfare, and that such property is not needed for county purposes. The board of county commissioners has the power to determine and declare what are public uses for the county and to provide public places for the exercise and fulfillment of public purposes. See 20 C.J.S. Counties s. 81; Mize v. County of Seminole, 229 So.2d 841 (Fla. 1969); Bowden v. Ricker, 69 So. 694 (Fla. 1915). Regarding the public purpose benefits of the chamber of commerce, the Nevada Supreme Court in McKernon v. City of Reno, 357 P.2d 597, 602 (Nev. 1960), stated that `[e]ncouragement of and offers of hospitality to tourists are now promoted, as public benefits, in all countries of the world — at least in those countries where visitors are welcome; and such hospitality may be extended, as here, through the chamber of commerce.' In McKernon, the Court concluded that the chamber of commerce served a public benefit and that the City of Reno could properly lease the chamber space in a public plaza. This type of determination is, however, beyond the power and authority of this office to make, and must be made by the board of county commissioners and set forth in a resolution duly adopted by the board.
Prepared by: Craig Willis, Assistant Attorney General