JOHN M. TAPERS v. A. PICHARD, Chairman, C. M. AUSLEY, HUNTER M. BANNERMAN, T. H. CROMARTIE, and O. P. HARVEY, as members of and constituting the Board of County Commissioners of Leon County, and PAUL V. LANG, as Clerk of said Board.

169 So. 39.
Division B.
Opinion Filed June 18, 1936.

*Guyte P. McCord,* for Appellant; ·
*William Blount Myers,* for Appellees.

TERRELL, J.—Appellees, as the Board of County Commissioners of Leon County, entered into a contract with T. A. Monk, Inc., to construct a new jail, the consideration actuating the contract was $98,350.00, to be paid with "certificates of payment" issued by the County Commissioners to the contractor every two weeks as the work progresses. The "certificates of payment" were payable from the Jail Building Fund as and when collected and had to be carried by the contractor or discounted by him.

The Jail Building Fund was created by appellees imposing a tax of five mills for five consecutive years on all

the taxable property of the county, pursuant to Section 1556, Revised General Statutes of 1920, Section 2384, Compiled General Laws of 1927. Such a tax was estimated to raise approximately $20,000.00 per year, being ample to liquidate the contract. It was also provided by resolution ·of appellees that if any deficit occurred in this fund making it insufficient to meet the provisions of the contract that such deficit would be made good by moneys received by the county from the Racing Commission.

Appellant filed his bill of complaint in the Circuit Court of Leon County seeking to enjoin the letting and execution of this contract. An application for temporary restraining order was then made. The chancellor denied this application and dismissed the bill of complaint. This appeal is from both decrees.

· It is first contended that the contract is invalid because it embraces an item for discount, interest, or carrying charges on the certificates of payment executed by appellees and delivered to the contractor for constructing the jail.

The certificates of payment were non-interest bearing and as heretofore stated, were payable from the Jail Building Fund created under Section 2384,· Compiled General Laws of 1927, which authorizes Boards of County Commissioners when they deem it necessary to erect or repair the court house or jail to give notice to that effect and to levy a building tax of not exceeding five mills per annum for not more than five consecutive years on all the taxable property in the county, said tax to be in lieu of all other county building taxes.

No interest was permitted by the contract to be added to the face of the certificates of payment because all carrying charges accruing on them from the time they were expected to be issued to the estimated time·of their payment were calculated and included in their face as costs when issued.

These charges amounted to a total of $8,650.00 and were included in the consideration actuating the contract when let.

It was the inclusion of this amount in the consideration for the contract as carrying charges on the certificates of payment which appellant contends was without legal authority and had the effect of invalidating the contract.

In Borland v. Towles, 69 Fla. 125, 67 So. 640, a parallel question was presented to this Court and was resolved against the contention of appellant. It is quite true that the opinion does not directly discuss this question, but the pleadings show that it was presented and in finding that no abuse of discretion was shown we may be assured that it was adjudicated since it was the primary question before the Court. In holding that the County Commissioners did not have to wait until the fund was all collected before commencing construction all were on notice that a reasonable carrying charge would be necessary to make certificates of payment marketable and, as said in the case last cited, considering the amount involved we cannot say that appellees abused their discretion in this case.

The next question with which we are confronted is whether or not under Section Six of Article Nine of the Constitution the certificates of payment brought in question are such as must be approved by a vote of the people before they are issued.

Section Six of Article Nine of the Constitution authorizes counties, districts, or municipalities to issue bonds for certain purposes, but before doing so they are required to be approved by a majority of the votes cast in an election in which a majority of the freeholders who are qualified electors residing in such counties, districts, or municipalities shall participate.

In Leon County v. State, 123 Fla. 505, 165 So. 666, we held that this provision was designed to inhibit spendthrift tendencies on the part of political subdivisions and that it had no application to contracts for current governmental needs when executed in due course of authorized budgetary requirements.

The construction and repair of court houses and jails under the means provided in Section 2384, Compiled General Laws of 1927, is a necessary budgetary requirement of the County and the means of imposing the tax, its collection, and expenditure provide all the safeguards contemplated in Section Six of Article Nine of the State Constitution.

This holding does not apply to that part of the contract proposing to supplement any deficit in tax funds from the source provided with moneys received from the Racing Commission. On its face the levy under Section 2384, Compiled General Laws of 1927, is ample to take care of the contract and other funds are not covered by the safeguards provided in the last enumerated Act.

Contracts let in contemplation of this Act are limited to county necessities under strict budgetary regulations. The county could wait until the tax collecting period (not exceeding five years) expired and the taxes collected and then proceed to construct the court house or jail, but in lieu of this if it becomes necessary to commence construction earlier and pay for it from the funds as they are collected no law is violated.

Neither is the letter or spirit of the law violated if the County Commissioners elect to issue certificates of payment each two weeks in settlement of amounts due for labor and material on the contract, such certificates to embrace a reasonable carrying charge and payable from the taxes collected, but from no other source.

It follows that the judgment below must be and is hereby affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.