STATE, *ex rel.* J. J. HOUSTON, v. HILLSBOROUGH COUNTY: T. N. HENDERSON, as Chairman, FRED W. BALL, NICK C. NUCCIO, B. B. BADGER, and EARL W. SIMMONS, as and constituting the Board of County Commissioners of Hillsborough County, and CHARLES E. CULBREATH, as Clerk of the Circuit Court of Hillsborough County, and ex-officio Clerk of the Board of County Commissioners of said county.

183 So. 157.

Division A.

Opinion Filed October 31, 1938.

504

*J. Lewis Hall* and *J. B. Norman,* for Relator;

*John W. Cone* and *John J. Twomey,* for Respondents;

*Hull, Landis & Whitehair,* as *amici curiae.*

TERRELL, J.,—On September 15, 1938, this Court issued its alternative writ of mandamus directed to the Board of County Commissioners and the Clerk of the Circuit Court of Hillsborough County commanding them to assemble and rescind three certain resolutions adopted by them, to-wit: resolution dated November 15, 1935, whereby they entered into a contract with Shoup Voting Machine Corporation for the purchase of ninety-three voting machines for Hillsborough County, resolution dated June 24, 1938, authorizing the issuance of voting machine certificates of indebtedness in payment for said voting machines and a resolution dated September 8, 1938, approving the budget of Hillsborough County for the taxable year 1938 whereby they imposed a certain tax to pay interest and principal of said voting machine certificates of indebtedness. The cause now comes on to be heard on demurrer to the alternative writ.

Two primary questions are urged for consideration. The first pertains to the Constitutional validity of Chapter 18406, Acts of 1937, and the second challenges the legality of the voting machine certificates of indebtedness.

Chapter 18406, Acts of 1937, is a local law relating to the adoption of voting machines in Hillsborough County. The

title and body of the act have been examined and we do not consider either vulnerable to the assault made on it. The basis of classification set up in the act has been repeatedly approved by this court. It was submitted to the people of Hillsborough County and was approved in a referendum vote as required by Section Twenty-one of Article Three of the Constitution. The Act is *in pari materia* with Chapter 13893, Acts of 1929, as amended by Chapter 18405, Acts of 1937, and should be read in connection with them. It makes no change in the law as expressed in these acts except that it permits Hillsborough County to vote on the question of adopting voting machines in that county. We find no infirmity in the title.

It is next contended that the voting machine certificates of indebtedness constitute bonds and should have been approved by a vote of the people as required by Section 6 of Article IX of the Constitution.

We think this contention is likewise without merit. In addition to authorizing Hillsborough County to vote on the question of adopting voting machines Chapter 18406, Acts of 1937, authorizes the County Commissioners to effect arrangements whereby voting machines could be purchased. We must assume that the people were on notice that the purchase of voting machines for a county like Hillsborough would mean a large outlay of public funds, that such an outlay was not in hand at the time and that if approved, provision would have to be made for purchasing them on deferred payments. The method adopted by the County Commissioners is that in common use.

The vote on the adoption or not of voting machines was to all intents and purposes a vote on the extension of the county's credit to purchase them since their immediate use was required and the County Commissioners were authorized to confer this authority on the County, and being so,

no further vote of the people was necessary. This question is concluded against the contention of Relator by Tapers v. Pichard, 124 Fla. 549, 169 So. 39.

The demurrer to the alternative writ is sustained with leave to amend within thirty days if so desired.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., and BROWN, J., dissent.