J. M. HEARN v. C. B. WARNER, Chairman, T. T. LAW, S. H. HARRELL, W. M. HOGAN and J. L. BARNETT, as Members of and Constituting the Board of County Commissioners of Suwannee County, and J. L. McMULLEN, as Clerk of Said Board.

194 So. 791
Division A
Opinion Filed March 19, 1940

*J. M. Hearn* in proper person, for Appellant;

*Alfred T. Airth,* for Appellees.

TERRELL, C. J.—For several years prior to 1938, the Grand Jury of Suwannee County in its regular presentment, called attention to the bad condition of the jail and the necessity for erecting a new one. In the latter year, a contract was entered into for the construction of a new jail and the Works Progress Administration agreed to aid in its execution. At the time the contract was let, the board of county commissioners had in anticipation funds

sufficient to complete the jail but for reasons beyond their control some of these funds did not materialize and others had to be used for different county purposes.

Because of this deficit in anticipated revenues, the county commissioners were forced to resort to the power given them under Section 2384, Compiled General Laws of 1927, to complete the jail which lacked the installation of the jail cell equipment and such other work as could not be done until that equipment was installed. Pursuant to the Act last cited, the board adopted a resolution making tax levies over a period of five years and at the same time called for bids to install the jail cell equipment and complete the jail. Each bidder was required to submit his bid in the alternative, that is to say, in cash and for payment in certificates of payment payable over a five-year period. Manly Jail Works submitted a bid of $31,846, payable in certificates of payment or if payable in cash, $22,784. The said bid was accepted and the Board of County Commissioners entered into contract with Manly Jail Works to complete the jail and pay it $31,846 in certificates of payment payable solely from revenues derived from the tax levy imposed by the resolution under Section 2384, Compiled General Laws of 1927.

This suit was instituted by appellant as complainant seeking to restrain the board of county commissioners from executing and delivering the certificates of payment to Manly Jail Works with any obligation binding the county to pay interest, expenses, or carrying charges thereon. This suit was brought on the theory that the difference between the bid on the basis of cash and certificates of payment, $9,062, was for interest, expenses, and carrying charges. The chancellor denied the application for temporary restraining order and dismissed the bill of complaint. This appeal is from the latter decree.

The question for determination is whether or not the board of commissioners abused its discretion in entering into the contract to complete the jail on the certificates of payment plan rather than on the cash basis offer.

The bid of Manly Jail Works was the best bid offered. The county was without funds and was faced with the alternative of borrowing the money and paying cash or accepting the certificate plan proposition spread over a period of five years. The disparity between the cash and the certificate plan is a little high but the tax levies are spread over a period of years, the tax is in a measure speculative, and if the certificates default, there would be the expense of collecting. These and other factors were taken into consideration by the contractor in fixing his bid on this basis. The board of county commissioners did not fix the amount and there is no charge that it is unreasonable.

The board of county commissioners is charged with the duty of providing a safe and sanitary jail and, in this case, they were faced with the contingency that if the cell equipment was not secured and installed shortly, the Works Progress Administration would terminate its connection with the project at a loss of approximately $3,645 in labor and material to the county.

The bill of complaint does not charge fraud or deception so in reality, if it may be assumed that the $9,062 was included in the bid of $31,846, as interest, expenses, and carrying charges, did the fact of having accepted the bid on that basis, amount to an abuse of discretion on the part of the county commissioners? Certainly carrying charges in some form would have been a part of the contract and those brought in question are not shown to be exorbitant.

The board in the exercise of its discretion answered this question in the negative. The chancellor in dismissing the

bill of complaint reviewed the action of the county commissioners and approved their action. His decree is supported by Tapers v. Pichard, 124 Fla. 549, 169 So. 39, where this Court approved a similar contract.

The judgment appealed from is therefore affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.