T. J. POSEY v. WAKULLA COUNTY, a political subdivision of the State of Florida, et. al.

3 So. (2nd) 799
En Banc
Opinion Filed September 5, 1941

*A. L. Porter,* for Appellant.

*J. Lewis Hall,* for Appellee.

TERRELL, J.—The legislature of 1941 enacted Chapter 20768 and Chapter 21621, both acts having to do with financing the construction. of a courthouse in Wakulla County. Chapter 20768 allocated $2500 annually from the funds received by the County under Chapter 14832, Acts of 1931, to the project. Chapter 21621, provided for the use of the funds allocated under Chapter 20768 in constructing the courthouse and authorized the Board of County Commissioners to impose a building tax of not exceeding five mills per annum for five years on all taxable property in the county for the same purpose.

At its regular meeting in August, 1941, the Board of County Commissioners adopted a resolution wherein they found that the construction of a courthouse was necessary and directed its Clerk to give notice that at its regular meeting in September, it would receive bids for certificates of indebtedness to be issued by the county in the face amount of $21,800 payable over a period of three years and that no bid of less than $20,000 would be considered for said certificates. The resolution proposed to service the certificates with the funds and proceeds of the tax provided under Chapter 21621, *supra.* It was also determined that all materials used in the construction of the courthouse should be purchased in compliance with Section

2191, Compiled General Laws of 1927, (1486 Revised General Statutes of 1920) and that all funds derived from the certificates and not used in construction should remain in the courthouse building fund and be used for the purpose of discharging the certificates.

The appellants as complainants exhibited their bill of complaint in the Circuit Court praying for temporary restraining order and permanent injunction against the Board of County Commissioners from performing any of the acts enumerated in said resolution. A motion to dismiss the bill of complaint was granted and this appeal was prosecuted.

It is first contended that Chapter 20768 and Chapter 21621, Acts of 1941, are repugnant to Sections 16 and 20, Article III of the Constitution in that (1) the title does not give notice of the substance of the acts, (2) they embrace more than one subject matter, (3) they are local or special laws regulating the duties of a class of officers other than municipal and (4) the latter act is special or local regulating the assessment and collection of taxes for county purposes and imposes duties on the officers of the county different from those imposed on officers in other counties.

Both acts have been examined and we think the titles are sufficient to put the public on notice of their purpose. They deal with the general subject of financing the construction of a courthouse in Wakulla County and are not misleading or duplicitous. The duties imposed on the officers of Wakulla County are merely incidental to the main purpose of the act and when this is the case, such acts have been repeatedly upheld by this Court.

It is next urged that the resolution of the Board of

County Commissioners is invalid in that it only requires two weeks' notice for consideration of the matter of constructing a courthouse and to levy a tax therefor and that it did not provide for reservation of twenty per cent of the funds contributed by the county for such construction until final completion and acceptance of the courthouse.

It is true that Section 2384, Compiled General Laws of 1927 requires thirty days' notice for such resolutions but Chapter 21768 and 21621, Acts of 1941, makes available to Wakulla County a supplemental, complete, comprehensive and workable plan for the construction of a courthouse. The two schemes are alternative and the county commissioners might have proceeded under either plan. It was competent for the legislature to change the period of notice and the county commissioners have amply safeguarded the county's interest by the terms of the resolution.

It is next contended that the certificates of indebtedness proposed to be issued and held are to all intents and purposes bonds as contemplated by Section 6, Article IX of the Constitution and cannot be legally issued without an approving vote of the freeholders.

The construction of a county courthouse is an essential governmental requirement of the county and certificates of indebtedness for that purpose payable from budgetary requirements in due course of law do not require an approving vote of the freeholders. The following cases conclude this question: Tapers v. Pichard, 124 Fla. 549, 169 So. 39; State *ex rel.* Galloway vs. Henderson, 134 Fla. 731, 184 So. 654; State, ex rel. Houston v. Hillsborough County, 136 Fla. 503, 183 So. 157. The terms of the resolution of

the county commissioners bring the instant case within the purview of those last cited.

In Tapers v. Pichard, *supra,* this court held that the Board of County Commissioners were without authority to pledge funds allocated to the County under Chapter 14832, Acts of 1931, for future commitments but in that case there was no legislative act so authorizing, while in the instant case the acts brought in question in terms authorize the County Commissioners to use a portion of said funds for constructing a courthouse.

It is further contended that the Board of County Commissioners had no authority to pledge county funds to a Federal government agency for the erection of a courthouse in Wakulla County in the manner shown in this case.

As we read the resolution and proceedings of the Board of County Commissioners, we construe them to do nothing more than pledge county funds for the purpose of purchasing materials for the construction of a courthouse. This Court has knowledge of the manner in which local governmental entities coordinate with the Works Progress Administration in the construction of public projects and we find no objection to the manner proposed here.

Other questions raised have been examined and considered but they all go to discretionary matters of the County Commissioners with which courts have nothing to do or they pertain to matters settled by former adjudications of this Court. The chancellor made a very lucid finding of law and fact as to all questions raised and the record abundantly supports his findings.

We find that the acts assailed are invulnerable to

the assault made on them, that the resolution and proceedings of the Board of County Commissioners were in all respects regular and legal, that the notice was ample to preserve due process, that the county's interests were amply safeguarded and that the county is fully authorized to construct a courthouse in the manner proposed.

The judgment appealed from is therefore affirmed. Affirmed.

WHITFIELD, acting C. J., BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concurring.

BROWN, C. J., absent, not participating.