Suit by the City of Miami, a municipal corporation, against Bessemer Properties, Incorporated, for a declaratory judgment as to the validity and effect of certificates of indebtedness to be issued by the city to finance the construction of a public library. From a decree construing the certificates and holding that city may validly issue them, defendant appeals.
Decree affirmed in part and reversed in part, and cause remanded for further proceedings not inconsistent with opinion.
The appeal is from a declaratory decree entered in favor of the City of Miami, the plaintiff in the court below.
Chapter 21394, Special Laws of Florida 1941, authorizes the City of Miami "to levy an annual tax, not to exceed one mill on the dollar, upon the real and personal property within the limits of said City, for the purpose of establishing and maintaining a public library and public library system therein." The statute was amended by chapter 23402, Special Laws of Florida 1945, so as to authorize an annual tax not exceeding one and one half mills, and by chapter 24705, Special Laws of Florida 1947, so as to authorize an annual tax not to exceed two and a half mills.
Since the enactment of the statute authorizing the establishment of this library fund, the City has been levying and collecting ad valorem taxes under the statute for the purpose of constructing a public library. The City now has in its library fund available for such purpose the sum of $584,757.42. Approximately $1,100,000 is needed to finance the construction of an acceptable public library.
The City proposes to finance the construction of the library building to the extent of $376,000, plus interest until the obligation is extinguished, by issuing certificates of indebtedness payable exclusively from the library fund derived from the proceeds of annual levies authorized under chapter 21394 as amended by chapter 24705. The certificates of indebtedness proposed to be issued for the purpose of financing the project contain the following recital with respect to the nature of the obligation *Page 552 
the City will assume and the source of payment:
"This certificate shall be payable from the Public Library and Library System Tax Levy provided for by Sec. 51(1) of the Charter of the City of Miami (C. 21394, Acts of 1941, as amended by C. 24705, Acts of 1947), by which the City, by and through its governing body, is authorized to levy an annual tax not to exceed 2.5 mills on each dollar of the taxable value of all property in the City, both real and personal, for the purpose of establishing, operating and maintaining a public library and public library system therein. The City covenants that so long as any of these certificates or interest thereon remains unpaid it will reserve and use the said Library Construction Reserve Levy solely for the purposes of making payments upon the contract for, and related expense of, constructing the library building and paying the principal of and interest on this issue of certificates, and for no other purpose.
"This certificate shall not be deemed to constitute a general obligation or debt of the City of Miami or a pledge of the faith and credit of the City, but shall be payable exclusively from the source or sources recited herein, and from no other source, and the City shall not be obligated directly or indirectly or contingently to levy or pledge any other or additional form of taxation whatever for its payment, either of principal or interest, and the City shall have no power to levy, pledge or collect any other or additional form of taxation whatever for the payment of the principal or interest hereof, nor can this certificate be enforced or collected by levy of any other or additional ad valorem or other municipally imposed tax on property or business transactions situated or carried on within the City of Miami, or otherwise be made a charge of any kind upon the property of taxpayers, or upon the resources or property of the City of Miami except the funds specifically pledged herein."
The Circuit Court of Dade County has entered a final decree in a declaratory judgment suit brought by the City against Bessemer Properties Incorporated, the corporation proposing to purchase the certificates of indebtedness. In the decree the circuit court has found that the certificates are payable exclusively from the library fund to be derived from the proceeds of levies authorized under chapter 21394 as amended, and that these proceeds will be ample to pay off the certificates of indebtedness, with interest, as and when they mature; that the certificates will not be payable from any other revenues of the City and will not constitute a general obligation of the City nor a direct, indirect or contingent pledge or obligation of its taxing power; that the certificates will not constitute a lien upon the library site or building or any other property of the city; and that hence the certificates are legal and valid in all respects "notwithstanding they have not had the approval of the freeholders of the City at an election held in conformity with section 6 of Article IX of the Constitution."
The defendant in the court below has perfected an appeal from this decree and questions the authority of the City to issue the certificates of indebtedness without an approval of the majority of the freeholders of the City, as provided by section 6 of Article IX of the Constitution, F.S.A., which requires such an approval before bonds can be validly issued by any political subdivision of the state.
We are of the view that the plan submitted for financing the construction of the public library may be entered into by the City of Miami without a freeholders' election held pursuant to section 6, Article IX of the Constitution; provided the certificates to be issued are to be retired solely and exclusively out of funds derived from the tax levy authorized by the foregoing acts of the legislature, if and when the taxes are actually collected thereunder; and provided, further, that the holder or holders of any such certificate of indebtedness shall not have the right to resort to legal or equitable action to require or compel the City of Miami to keep in force until the certificates are liquidated the taxing ordinance under which the fund is to be derived. If the effect of the plan for financing the certificates of indebtedness is to be such that the City of Miami is to be *Page 553 
legally bound to continue the taxing ordinance in force until the certificates of indebtedness, including interest, are paid in full, then the certificates will pledge something more than merely the funds actually derived from the levy and collection of taxes authorized under chapter 21394, supra, and the certificates will constitute such obligations within the purview of section 6, Article IX of the Constitution as to require an approving vote of the freeholders before they can be validly issued. See County of Leon v. State, 122 Fla. 505, 165 So. 666.
There are fundamental differences in the cases of Tapers v. Pichard, 124 Fla. 549, 169 So. 39, and City of Jacksonville v. Nichols Engineering Research Corporation, 159 Fla. 729, 32 So.2d 586, which distinguish them from the case at bar; and it was because of these differences that the plans for financing in those cases were approved by this court.
In Tapers v. Pichard, supra, the public building to be constructed was a county jail, a basic and indispensable governmental necessity which the Board of Commissioners of the county was under an absolute and continuing duty to establish and maintain in the interest of the enforcement of the law and order function of the county and the state; and the certificates of indebtedness involved in that case were approved upon that basis.
In City of Jacksonville v. Nichols Engineering Research Corporation, supra, the question of the issuance of certificates of indebtedness or bonds was not involved. The public improvement contemplated was an incinerator and garbage disposal plant which was to be used by the City under a written lease from the builder and owner at a lease rental less than the then cost of garbage disposal to the city under the facilities then owned by it, with the agreement that at the end of the 15-year leasehold period the incinerator and plant should become the absolute property of the City. Here, too, the subject matter involved pertained to a basic and indispensable service which the City was under the absolute and continuing duty of maintaining in the interest of the health of the citizens of the municipality. Under the lease the City was not required at all events to provide and maintain a fund to meet the obligation to be assumed but was free at its pleasure or convenience to discontinue the contract at any time during the leasehold period and thereby suffer only the loss of the facility for the remainder of the leasehold term, or any right of acquisition.
For the reasons stated, the decree appealed from should be amended so that it will clearly conform with the views expressed herein; for unless the parties so frame their plan for financing the construction of the public building contemplated as to accord with these views there can be no valid issue of the certificates of indebtedness involved without a vote of the freeholders of the municipality.
Accordingly the decree appealed from is affirmed in part and reversed in part and remanded for further proceedings not inconsistent with this opinion and judgment.
It is so ordered.
ADAMS, C.J., and TERRELL, THOMAS and HOBSON, JJ., concur.
CHAPMAN, J., dissents.