The City of Pensacola filed its petition to validate one million dollars in recreation revenue certificates. They will hereafter be referred to as certificates. Other essential procedural steps were taken, appellants, as taxpayers, were permitted to intervene and on final hearing a decree was entered validating the certificates. This appeal is from the final decree.
It is first contended that the certificates brought in question are invalid because they have not been approved by a majority vote of the freeholders as required by Section 6, Article IX of the Constitution, F.S.A.
We do not think there is any merit to this contention. The certificates are proposed for the purpose of constructing an auditorium, pier and other municipal facilities. No ad valorem taxes are pledged to support them. They are secured by an irrevocable pledge of amusement and tobacco taxes, levied and collected from facilities already constructed and owned by the City or to be constructed by it with the proceeds of the certificates. The ordinance authorizing the certificates recites that the city owns the pier on Palafox Street and that the revenues derived therefrom are not encumbered, that the construction of the proposed facilities is for a proper municipal purpose, that the city has by law levied the taxes and admissions to aid in the construction of the contemplated facilities, that the revenues from excise taxes on the facilities will be sufficient to pay the principal and interest of the certificates, to provide a sinking fund to retire them, to pay the cost of operation and maintenance of said facilities, and that said certificates shall in no way be a lien on any property of the city, nor can its taxing power be called on at any time to secure or pay the principal or interest on said certificates.
We do not see any support for the suggestion that the city having obligated itself to maintain the facilities in good condition, regardless of whether the income from them is sufficient, and that when the facilities fail in this, they will have to be supported by the taxing authority of the city contrary to Section 6, Article IX of the Constitution. There is no basis for this contention since the certificates do not propose to create a general obligation of the city enforceable by the levy of an ad valorem tax. State v. Escambia County, 153 Fla. 282, 14 So.2d 576; Posey v. Wakulla County, 148 Fla. 115, 3 So.2d 799.
We do not think this phase of the question has anything to do with the validity of the certificates. The record reveals that the funds arising from the sources pledged will be ample to support and maintain the facilities. The power to construct such a facility implies the power to support and maintain it. At any rate, if the eventuality should arise, which it is not presumed to do, it will then be time to make provisions to take care of it.
The concluding question has to do with the power of the city to construct an auditorium and recreation pier and pledge its amusement and tobacco taxes as security for payment of the certificates. *Page 342 
Chapter 20059, Special Acts of 1939, authorizes the City of Pensacola to construct an auditorium. It appears that this act was approved by referendum held on May 5, 1939. The City also has authority to construct wharves, docks and piers. Chapter 20058, Sp. Acts of 1939, which was also approved by referendum June 5, 1939. See also Chapter 20060, Sp. Acts of 1939, Chapter 15425, Special Acts of 1931 and Section 26, Chapter 6746, Acts of 1913, being a part of the City Charter which was preserved by Chapter 15425, Special Acts of 1931.
From these acts it appears that the city has ample authority to own, construct and operate the facilities in question. Not only that, but it has the option to acquire and construct them by the issuance of bonds approved by the freeholders as authorized by Section 6, Article IX of the Constitution, or it may acquire them by the issuance of certificates supported by the income from the facilities as proposed in this case.
Affirmed.
ADAMS, C.J., and CHAPMAN, THOMAS, SEBRING, HOBSON and ROBERTS, JJ., concur.