On June 19, 1949, the Board of County Commissioners of Orange County, Florida, pursuant to Chapter 26080, Special Acts of 1949, Laws of Florida, adopted a resolution and made findings to the effect that it was in behalf of the public interest that it immediately acquire rights of way for the improvement, enlargement and construction of State Highway No. 50 in Orange County — designated as a portion of Section 7505 — extending from Minorville to the Lake County line. The resolution was adopted pursuant to a request for additional rights of way for a State Road to be provided for by the County of Orange as requested by the State Road Department of Florida on April 19, 1947.
The same resolution provided for the issuance of certificates of indebtedness by the County of Orange in denominations of one thousand dollars each, maturing one year after date without interest. The plan of financing the certificates of indebtedness in the sum of $50,000.00 was three-fold viz.: (1) A levy was made by the Board upon all the taxable property of Orange County, Florida, of a special right of way tax not to exceed one mill per annum for not more than five consecutive years beginning October 1, 1949, to September 30, 1950, the amount necessary to be collected each year in order to pay the certificates of indebtedness; (2) so much money as shall be received by the County of Orange pursuant to the provisions of Section 550.13, F.S.A., and of all Acts amendatory or supplemental thereto, during the fiscal year of October 1, 1949, to October 1, 1950; and (3) so much *Page 178 
of the excess fee funds as may be necessary as shall be received by the County of Orange during the fiscal year October 1, 1949 to October 1, 1950.
Section 1 of Chapter 26080, supra, provides for the levy of a County Special Right of Way Tax not to exceed one mill and the language is viz.: "* * * said Board of County Commissioners of Orange County, Florida, shall be and are authorized to levy a special right-of-way tax not to exceed one (1) mill per annum for not more than five (5) consecutive years, which shall be for such purpose. The tax levied shall be assessed and collected at the same time and in the same manner as other State and County taxes or revenue are collected, and when collected shall be placed in a special fund to be known as `Special Right-Of-Way Fund' * * *."
Section 2 of Chapter 26080, supra, authorizes an appropriation by the Board for financing the certificates of indebtedness from two additional funds: (1) the race track money; and (2) County Officers excess fee fund for County Officers and pertinent language is viz.: "That the Board of County Commissioners of Orange County, Florida, shall be, and they are hereby authorized and empowered to annually appropriate so much of the monies apportioned and distributed and to be apportioned and distributed to said County under the provisions of Section 550.13 of the Florida Statutes of 1941, and Acts amendatory thereof and supplemental thereto and/or so much of the excess fee funds coming or to be coming to Orange County, Florida, as may be necessary to pay or assist sufficiently in the payment of the certificates of indebtedness hereafter mentioned until the said certificates are fully paid."
Section 5 of Chapter 26080 provides: "If any Section, clause, phrase, or provision of this Act shall for any reason be held to be unconstitutional or invalid, such holdings shall not affect the validity of the remaining provisions of the Act".
The plaintiff-appellant, J. Hugh Yon, a taxpayer of Orange County, Florida, filed his bill of complaint to restrain the issuance of the certificates of indebtedness by the Board of County Commissioners of Orange County on the ground that Chapter 26080, supra, was invalid and unconstitutional for various reasons and the County Commissioners were without power (a) to give notice of sale of the certificates of indebtedness; (b) to receive bids therefor; (c) to execute and deliver the certificates; (d) to appropriate $50,000.00 for payment of the certificates from the race track fund or the County Officers Excess Fee Fund; (e) to levy a tax on the taxable property of Orange County, Fla., with which to pay the certificates of indebtedness. The lower court sustained a motion to dismiss the bill of complaint and the plaintiff appealed.
It is contended that the title to Chapter 26080, supra, is invalid and violative of Section 16 of Article 3 of the Constitution of Florida, F.S.A., because (1) it fails to properly set forth the things and matters within the Act; (2) it embraces more than one subject. Our adjudications on the two points here urged are rather clear and it is unnecessary to go into an elaborate discussion of them. The further contention is made that Chapter 26080 is invalid as being violative of Section 20 of Article 3 of the Constitution of Florida in that (1) it attempts by local law to regulate the jurisdiction and duties of officers other than municipal officers; and (2) it attempts by local law to provide for the assessment and collection of taxes for State and County purposes. We fail to find merit in the contentions under our decisions.
Paragraph 18 of the taxpayer's bill of complaint alleged that the Board of County Commissioners of Orange County, Florida, pursuant to certain language set out and referred to in Section 2 of Chapter 26080, on June 21, 1949, adopted a resolution by the terms of which a .7 mill tax for the year 1949 was levied upon all the taxable property of Orange County and the consent and approval of a majority of the freeholders of Orange County to the said levy was never had and obtained, although authorized by the terms and provisions of Section 2 of Chapter 26080 without a vote of the freeholders of said County. It is contended that the attempted levy violated the provisions of Section 6 of Article 9 of *Page 179 
the Constitution of Florida. One of the prayers of the bill of complaint was that the Board of County Commissioners be restrained from making said levy but the Chancellor dismissed the bill of complaint on the ground that it was without equity.
We are requested to sustain the ruling of the lower Court on the following authorities; (1) Tapers v. Pichard, 124 Fla. 549,169 So. 39; (2) State ex rel. Gallaway v. Henderson, 134 Fla. 731, 184 So. 654; (3) State ex rel. Houston v. Hillsborough County, 136 Fla. 503, 183 So. 157; (4) Posey v. Wakulla County,148 Fla. 115, 3 So.2d 799; (5) State v. Pinellas County, 160 Fla. 549, 36 So.2d 216; (6) Bessemer Properties v. City of Miami, Fla., 41 So.2d 551. Some confusion apparently exists as to the rationale of our holding in each of these cases.
Chapter 341, F.S.A., confers on the State Road Department of Florida the power and duty to construct and maintain roads, highways and bridges in the State of Florida. Section 341.22 authorizes the several counties of Florida to furnish the necessary rights of way to the State Road Department for the use and construction of State roads in the several counties of Florida. It is not contended here that the acquisition of the rights of way for project 7505 — extending from Minorville to the Lake County line — is required as a governmental function.
In case number (1) supra (the Pichard case) the levy of an ad valorem tax was for a county jail and a governmental function; cases (2) and (3) supra involved the purchase of voting machines in Hillsborough County and the purchase thereof was approved by the voters of the county; (4) the Wakulla County court house was financed by race track funds and its construction was a governmental function; (5) the Pinellas County case authorized the county to acquire a site and construct an auxiliary court house in St. Petersburg and from (a) race track money and (b) county officers' excess fees. It was a governmental purpose; (6) Bessemer Properties v. Miami precluded an ad valorem tax throughout Dade County to construct a library building in the City of Miami.
It is our conclusion that the portions of Section 2 of Chapter 26080, supra, authorizing a levy of an ad valorem tax on all the taxable property of Orange County, Florida, and the proceeds thereof used to finance certificates of indebtedness issued by the Board for the purchase of rights of way of State Road No. 50 is violative of Section 6 of Article IX of the Constitution of Florida and therefore unenforceable, in the absence of an approving vote of the freeholders of the County, in accordance with the mandatory requirements of such constitutional provision. Hence, it follows that the bill of complaint is not wholly without equity and that the decree appealed from should be reversed.
Affirmed in part and reversed in part.
ADAMS, C.J., and TERRELL, CHAPMAN, THOMAS, HOBSON and ROBERTS, JJ., concur.
SEBRING, J., not participating because of illness.