I agree to the conclusion reached by Mr. Justice Chapman and Mr. Justice Hobson, but I do so solely on the ground that the development and acquisition of Miami International Airport under successive Acts of the Legislature, including Chapter 25166, Acts of 1949, have made it an essential function of local government and being so the duty of Dade County under the law to support and maintain it is as pressing as it is to maintain any other governmental function or necessity. These acts are primarily an extension of Sections 135.01 and 135.02, F.S.A., that were before us in cases hereafter cited and are more fully discussed.
It may therefore with certainty be said that under legislative fiat Miami International Airport has attained a place of importance far in advance of any airport in this country, let alone other Florida airports and the law imposes on Dade County the responsibility of supporting and keeping it amply sufficient to execute the duties laid on it. I think we must realize that the essential functions of government are no longer limited to a court house a jail and a policeman but now comprehend these acts and deeds essential to the public health, morals and economy of the country.
In Leon County v. State, 122 Fla. 505, 165 So. 666; Tapers v. Pichard et al., 124 Fla. 549, 169 So. 39; and Posey v. Wakulla County, 148 Fla. 115, 3 So.2d 799, we approved the doctrine that Section Six of Article Nine of the Constitution was not designed to hamstring public officials in providing for current governmental necessities when done under authorized budgetary requirements. The primary purpose of Section Six of Article Nine was to restrain and discourage spendthrift tendencies of political entities to borrow from the future to satisfy present desires, in other words, to prevent the present generation from taking a hay ride at the expense of its children and grandchildren. Present necessities of government are not in this class and I would not approve any project not shown to be a current governmental necessity.
I think the record in this case shows a clear purpose on the part of the administration of Miami International Airport to improve and enlarge its facilities to protect the safety of the public and otherwise meet the obligations imposed on it by law. I think the law defining its powers requires that these things be done under essential budgetary requirements and I think the ends to be accomplished are well within the cases cited in the preceding paragraph. *Page 457 
The responsibility to provide the means to carry on current governmental necessities devolves on the legislature. It has a responsibility to observe constitutional limitations in doing this no less pressing than that imposed on this Court. The means provided should not be stricken down unless clearly shown to be in violation of the Constitution. So far as we are advised the circumstances of the instant case are without a parallel in this country and these unique circumstances afford a basis to uphold it without doing violence to Section Six, Article Nine or any other provision of the Constitution.
For these reasons I think the judgment should be affirmed. I am authorized to say that Mr. Chief Justice Adams, concurs in this opinion.
ADAMS, C.J., concurs.