48 So.2d 165 (1950)
STATE et al.
v.
FLORIDA STATE IMP. COMMISSION.
Supreme Court of Florida, en Banc.
October 24, 1950.
*166 William D. Hopkins, Tallahassee, and Chester B. McMullen, Clearwater, for appellant.
J. Turner Butler, Jacksonville, and Ford L. Thompson, Tallahassee, for appellee.
TERRELL, Justice.
This appeal is from a final decree validating $330,000. Florida State Improvement Commission Bonds, Series 24, the purpose of which is to provide a health center for Pinellas County. It is provided that the principal and interest of said bonds be retired with rentals paid from an ad valorem tax not to exceed one mill on the taxable property of the county, the said tax to be imposed by the County Commissioners as provided by law. The real property on which the health unit is to be constructed has been conveyed to the Florida State Improvement Commission and a lease agreement has been entered into between said Commission and Pinellas County Health Board, whereby the rentals are to be paid semiannually with the proceeds of the one mill tax.
Appropriate action has been taken by Pinellas County Health Board, the Board of County Commissioners of Pinellas County, the State Board of Health and the Florida State Improvement Commission to effectuate the construction of the health unit and when completed and paid for it is to be reconveyed to Pinellas County. It is admitted that the revenues available to Pinellas County Health Board are sufficient to meet general expenses of the health unit and that the one mill tax authorized to be imposed by the County Commissioners is ample to pay interest on and retire the bonds when due. Chapter 24827, Sp.Acts of 1947, Chapter 26146, Sp.Acts of 1949 and Chapter 154, F.S.A. are relied on as authority for the lease agreement between the Pinellas County Health Board and the Florida State Improvement Commission including the levy of not exceeding one mill tax to pay principal and interest on the bonds.
It is first contended that the authorization of a tax of not exceeding one mill on the taxable property of the county to pay the rental requirement of the lease agreement between the Florida State Improvement Commission and the Pinellas County Health Board is violative of Section 6 Article IX of the Constitution, F.S.A., in that it was not approved by a vote of the freeholders.
Appellants contend that this question should have an affirmative answer and rely on Leon County v. State, 122 Fla. 505, 165 So. 666; Herbert v. Thursby, 112 Fla. 826, 151 So. 385; Yon v. Orange County, Fla., 43 So.2d 177, to support their contention. Appellee counters with the contention that the question should have a negative answer and relies on Houston v. Hillsborough County, 136 Fla. 503, 183 So. 157; Seaboard *167 Air Line Co. v. Peters, Fla., 43 So.2d 448; Tapers v. Pichard, 124 Fla. 549, 169 So. 39; Posey v. Wakulla County, 148 Fla. 115, 3 So.2d 799, to support its contention.
Tapers v. Pichard and Posey v. Wakulla County are the only cases in either of these categories that may be said to rule the case at bar. They involved the construction or the enlargement of county jails, courthouses or other essential governmental needs. The gist of our holding in Tapers v. Pichard was that bonds or certificates issued against a building tax authorized for such a purpose, did not require an approving vote of the freeholders under Section 6 of Article IX of the Constitution. All the other cases cited are burdened with factual variants that render them inapplicable to this case. So the real point here turns on the proposition of whether or not this court will extend the doctrine of Tapers v. Pichard to a county health unit. In other words, is a county health center, a current governmental need and, like a courthouse or jail, essential to the administration of county government?
There was a time in which this question would have required a negative answer but we think it may now be answered in the affirmative. In recent years the public health has become a very important element of state and county government. Conserving the public health of the community is now recognized as one of the pressing necessities of county government. Almost every county has a department of public health, staffed by a county health officer, sanitary engineer, technicians, nurses and other assistants. The county health department is sometimes housed in the courthouse and at other times in a separate building. Funds in the way of taxes are provided for its maintenance and it is generally regarded as essential to the public welfare as police protection, education or any other function of local government.
The county health unit or the health department of the County government arises from authority of Chapter 154, F.S.A. and amendments thereto. Current governmental needs as contemplated by Tapers v. Pichard arise from authority of Section 135.01, F.S.A. It has reference to the courthouse, jail or any county building with equipment essential to the proper administration of county government. Administering the public school program, the highway program, keeping the peace, assessing and collecting taxes, old age compensation, looking after the poor and the indigent, juvenile delinquents and holding elections are among the functions brought within its compass. The public health may be included in this catalogue of functions and the legislature may include others. When they become so numerous that they require additional housing space it may be provided in the manner approved in Tapers v. Pichard. If the morals of the country become so perverse that the jail needs enlarging, that may be accomplished in the same way.
It is next contended (1) that the duty of looking after the public health is a state rather than a county function, and (2) that Chapter 24827 is invalid as local legislation, in that it attempts to regulate the duties of State officers in violation of Section 20, Article III of the Constitution.
We do not think there is any merit to either of these contentions. It is true, that we have a State Board of Health with which the County Board articulates but the duty is on the County Board to administer the local health laws and regulations. Chapter 24827, Acts of 1947 recognizes this. The second phase of this question is disposed of contrary to the contention of appellants by State v. Pinellas County, 160 Fla. 549, 36 So.2d 216 and similar cases.
The judgment appealed from is therefore affirmed.
Affirmed.
CHAPMAN, SEBRING, HOBSON and ROBERTS, JJ., concur.
ADAMS, C.J., and THOMAS, J., dissent.