49 So.2d 529 (1950)
CITY OF JACKSONVILLE et al.
v.
NICHOLS ENGINEERING & RESEARCH CORP.
Supreme Court of Florida, en Banc.
December 22, 1950.
Inman P. Crutchfield, Jacksonville, for appellants.
Austin Miller and Harry B. Fozzard, Jacksonville, for appellee.
TERRELL, Justice.
Pursuant to Chapter 26436, Acts of 1949, Extraordinary Session, the City of Jacksonville enacted Ordinance B B-436, on authority of which the City Commission entered into a contract with appellee to construct additional incinerator and garbage disposal facilities and to enlarge the capacity of its present such facilities. The contractor, hereinafter referred to as appellee, brought this suit for declaratory decree as authorized by Chapter 87.01 F.S.A. to determine whether or not (1) Chapter 26436 and the ordinance enacted pursuant thereto are a valid exercise of legislative power. (2) Whether the contract for construction of garbage disposal facilities is enforceable and whether or not the certificates of indebtedness issued to protect deferred payments on the contract are violative of Section 6 of Article IX of the Constitution, F.S.A.
The cause came on for disposition on the motion of appellee for final decree on the issues made by the petition and the answers thereto. The chancellor found the city to be clothed with a continuing duty to maintain an adequate and sufficient garbage disposal *530 system, that such a system was a basic and indispensable requirement, and that there is a present necessity for additional garbage disposal facilities to be provided by the city. He also found that Chapter 26436, Acts of 1949, was a legal and valid exercise of legislative power, that Ordinance B B-436 was enacted pursuant to law, that the contract between the City and appellee was binding and enforceable and that the certificates of indebtedness were not bonds within the contemplation of Section 6, Article IX of the Constitution. This appeal is from the declaratory decree so entered.
The appellants have argued four questions challenging every phase of the chancellor's decree, but their main assault is directed to the validity of the certificates of indebtedness evidencing deferred payments on the contract in contemplation of Section 6, Article IX of the Constitution.
The challege to the validity of Chapter 26436, the validity of Ordinance B B-436, and the validity of the construction contract is not seriously urged and is so devoid of merit that we do not think it requires discussion. As to the validity of the certificates of indebtedness, we could consistently affirm the chancellor's decree on authority of City of Jacksonville v. Savannah Machine & Foundry Co., Fla. 47 So.2d 634 and State of Florida v. Florida State Improvement Commission, Fla., 48 So.2d 165.
We think it appropriate to support these cases with the following conclusions: In the enactment of Chapter 26436 the legislature recognized the necessity for additional garbage disposal facilities to preserve the public health, safety and welfare of the City, that such facilities were a present necessity of the City, and that it was the duty of the City to provide them. In his final decree upholding the validity of Chapter 26436 and Ordinance B B-436, the chancellor was even more emphatic in stressing the importance of additional garbage disposal facilities to the health and welfare of the city. The finding of the legislature and the chancellor was supported by a thorough survey, report and recommendation of competent and reputable sanitary engineers. In the cases last cited we held that conserving the public health of the community is now recognized as one of the pressing necessities of county government.
It requires no strain on one's credulity to hold that adequate garbage disposal facilities for a municipality like Jacksonville are just as pressing governmental need and just as essential to municipal government as other governmental necessities. We have repeatedly held that provision for governmental needs did not require an approving vote of the freeholders as required by Section 6, Article IX of the Constitution. State ex rel. Houston v. Hillsborough County, 136 Fla. 503, 183 So. 157; Posey v. Wakulla County, 148 Fla. 115, 3 So.2d 799; State v. Pinellas County, 160 Fla. 549, 36 So.2d 216; State v. Florida State Improvement Commission, Fla., 48 So.2d 165.
The certificates of indebtedness brought in question are payable annually out of and secured solely by annual budgetary appropriations of the City for a period authorized by the Ordinance. The City's operating budget for the current year is more than twenty-six million dollars, twenty-three millions of which are derived from sources other than ad valorem taxation. The general ad valorem taxing power of the City is not required to support them, but as we have repeatedly held, being for a pressing governmental need, funds to meet them do not have to be approved by the freeholders as required by Section 6, Article IX of the Constitution.
Affirmed.
CHAPMAN, HOBSON and ROBERTS, JJ., concur.
ADAMS, C.J., agrees to judgment.
THOMAS, J., dissents.
SEBRING, J., not participating.
THOMAS, Justice (dissenting).
I dissent unless it is made to appear that the certificates will be met from tax income exclusive of ad valorem taxes.