TERRELL, Justice.
This appeal is from a final decree validating special obligation Stockade Certificates of the City of Miami dated September 1, 1952, maturing $100,000 annually, 1953 to 1957, inclusive, principal and interest to be serviced from a sinking fund supported solely from the proceeds of fines and forfeitures arising from sentences imposed by the municipal court of the city.
The point for determination is whether or not the city is authorized to issue special obligation Stockade Certificates, principal and interest payable solely from the proceeds of fines and forfeitures arising from sentences imposed by the municipal court of the city, absent an approving vote of the freeholders as required by Section 6, Article IX of the Constitution, F. S.A.
We think this question requires a negative answer. The purpose of Section 6, Article IX of the Constitution, was to prohibit counties, districts or municipalities from issuing any bonds except *334 refunding bonds, unless approved by the freeholders. We have excepted from such approval bonds or certificates of indebtedness payable solely from revenues derived from the facility provided by the proceeds of the bonds. State v. City of Winter Park, 160 Fla. 330, 34 So.2d 740 and Schmeller v. City of Fort Lauderdale, Fla., 38 So. 2d 36. We have also excepted from such approval, bonds or certificates issued to finance essential governmental needs such as jails and court houses. Tapers v. Pichard, 124 Fla. 549, 169 So. 39; Posey v. Wakulla County, 148 Fla. 115, 3 So.2d 799; State v. Florida State Improvement Commission, Fla., 48 So.2d 165; City of Jacksonville v. Nichols Engineering & Research Corporation, Fla., 49 So.2d 529.
The bonds involved in State v. Winter Park and similar cases were exempted from approval as required by Section 6, Article IX on the theory that they were serviced by income from the facility provided by the proceeds of the bonds and in no way affected the ad valorem tax structure. The bonds involved in Tapers v. Pichard and similar cases were exempted from approval by the freeholders on the theory that they were issued to finance essential governmental needs for which an ad valorem tax was authorized by law and had been imposed for that purpose many years before Section 6, Article IX was approved. It is not contended that the certificates in question fall within either of the categories of certificates.
To service the special obligation Stockade Certificates, certain provisions of the city charter, Chapter 10847, Sp.Acts of 1925, authorizing it to borrow money are relied on. In response to this authority to borrow money, it is proposed to dip into the city’s fine and forfeiture fund to service said Stockade Certificates, yet it is well known that these funds are allocated by law for other purposes. It is not suggested that there is legislative authority to do this or that there is any other source of taxation from which they may be lawfully serviced. Even if the legislature authorized the city fine and forfeiture fund to be used for this purpose, it would require an approving vote of the freeholders to do so, otherwise Section 6, Article IX would be circumvented. The fact that there is a pressing necessity for a city Stockade does not clothe this court with authority to approve the bonds under the facts revealed, absent an approving vote of the freeholders.
It follows that the special obligation Stockade Certificates as thus proposed are violative of Section 6, Article IX of the Constitution and are invalid. The judgment appealed from is accordingly reversed.
Reversed.
HOBSON, C. J., and THOMAS, MATHEWS and DREW, JJ., concur.
SEBRING and ROBERTS, JtJ., dissent.