THORNAL, Justice.
.The State appeals from a decree validating an issue of revenue bonds proposed by the appellee City of Auburndale.
The bond ordinance adopted by the City reveals that it proposes to issue $180,000 of revenue bonds to be secured by and repaid out of the City’s share of the proceeds of the Cigarette Tax authorized by and levied under Florida Statutes, Chapter 210, F.S.A. The money derived from the sale of the bonds is to be used to improve streets, build sanitary and storm sewers, liquidate certain outstanding Cigarette Tax Certificates and to construct “a municipal building to house city offices.” The sole question presented by the appeal is whether the municipality can pledge the proceeds of the Cigarette Tax levied' under Florida Statutes, Chapter 210, F.S.A., to secure revenue bonds issued to construct a municipal building to house city offices.
Admittedly, the other municipal improvements to be financed by the bond issue are specifically authorized by Florida" Statutes, Section 210.03, F.S.A. By the cited statute, municpalities are authorized to expend the proceeds of the Cigarette Tax for numerous specified public improvements. After listing the' specific improvements, the Act then authorizes the cities to spend the proceeds of the tax for:
“ * * * such other state functions which are performed by municipal governments within their boundaries, and are otherwise performed by the state and county governments outside of the limits of incorporated municipalities.”-
We are confronted with the single question of whether the quoted language is ■sufficiently comprehensive to authorize the City to construct a municipal' building for housing, city-offices. From the recitals of the bond ordinance, we understand this to be what is commonly known as a city hall. The construction of a city hall is easily recognizable as an essential function of the local government. We judicially know that in order to house the many departments of a city government, it is appropriate, and in a measure essential, that office facilities be made available. We have so held with reference to a county court house in Posey v. Wakulla County, 148 Fla. 115, 3 So.2d 799.
In Town of Palm Beach v. City of West Palm Beach, Fla. 1951, 55 So.2d 566, 569, we expressed our understanding of the legislative intent in enacting the Cigarette Tax Act as follows:
“In Chapter 26,320, Laws of Florida 1949, Cigarette Tax F.S.A. § 210.01 et seq., the Legislature definitely recognized that in building, maintaining and preserving within the municipal boundaries buildings and facilities for the preservation and improvement of pub- *613 lie health, welfare and safety of the citizens a state purpose was served even though carried on and maintained by municipalities.”
The ordinance before us specifically precludes any exercise of the municipal ad valorem taxing power to pay the revenue bonds to be issued. ■
The distribution of the proceeds of the Cigarette Tax, authorized by Florida Statutes, Chapter 210, F.S.A., js grounded on the principle that in exercising certain public functions at the local level, a municipality is to that extent exercising state functions for the benefit of the public in the local community. Within the orbit of the authority granted to it by the state, a' municipality is an instrumentality or auxiliary agency of the state established for the more convenient administration of local government. While it does not share the state’s sovereignty and enjoys only such powers as are specifically granted, or necessarily implied from powers specifically granted, nevertheless, subject to these restrictions, a municipal corporation is in substantial measure merely a projection of the state government to the local level. See Turk v. Richard, Fla.1950, 47 So.2d 543; and Loeb v. City of Jacksonville, 101 Fla. 429, 134 So. 205, 79 A.L.R. 459.
In the light of the foregoing principles, we are of the view that the construction of a municipal building for housing city offices is within the authority granted by Florida Statutes, Section 210.03, F.S.A., with reference to proper expenditures of the proceeds of the Cigarette Tax authorized 'by that Act.
No other errors are assigned.
Finding no error, the decree appealed from is affirmed.
DREW, C. J., and TERRELL and HOB-SON, JJ., concur.