TERRELL, Chief Justice.
This appeal is from a final decree vali-' dating an issue of certificates of indebtedness, hereinafter referred to as certificates, proposed by Santa Rosa County for the purpose of providing additions to and making repairs to the county court house and jail, and to pay the expenses of said improvements. The certificates are payable solely from (1) the proceeds of an ad valorem tax of five mills, imposed pursuant to Chapter 135, Florida Statutes, F.S.A., and (2) fifty per cent of the monies distributed to the county as its share of license taxes imposed on race tracks and jai alai or pelota frontons, under Chapters 550 and 551, Florida Statutes, F.S.A.
The resolution of the county commissioners authorizing the certificates provided that their payment be secured solely by the taxes detailed in the preceding paragraph and that the holders could not compel the full faith and credit of the county or the exercise of the taxing power to pay them when they mature. The proceeds of the two taxes so described, said the trial court in its validation decree, were sufficient to pay the principal and interest on the certificates as they matured. The certificates were authorized by resolution of the Board of County Commissioners pursuant to Chapter 57-1827, Laws of Florida.
The resolution of the Board of County Commissioners authorizing the issuance of the certificates was adopted February 11, 1958, and was amended April 8, 1958. It found that the erection of additions to and improvements on the court house and jail were necessary and that the taxes enumerated herein and imposed for the amount and time stated would be sufficient to pay for them. Pursuant to these proceedings, petition to validate the certificates was tendered as provided by Chapter 75, Florida Statutes, F.S.A., order to show cause was duly issued and published as provided by law. No taxpayer, citizen or other person appeared to resist the relief prayed for in *367 ■the petition to validate. It is admitted that ■only questions of constitutional law were raised by the pleadings, the facts were agreed to. On consideration of the questions of law raised, the Chancellor entered a final decree validating the certificates.
It is first contended that the title to Chapter 57-1827, Florida Laws, Sp.Acts 1957, •does not meet the requirements of Section 16, Article III of the Constitution of Florida, F.S.A.
To meet the requirements of Section 16, .Article III of the Constitution, it is necessary that the title to the act be sufficient to ^put the world on notice as to its contents. The title to the act assaulted is as follows:
“An Act to provide for financing court houses, jails and other public buildings and extensions thereto in Santa Rosa County and authorizing .and empowering the governing body ■of Santa Rosa County for the purpose •of erecting or repairing or adding to .any court house, jail or other public ■county building, to issue certificates of indebtedness in anticipation of any •public building tax levied under Chap-ter 135.01, Florida Statutes, and in anticipation of the receipt by Santa Rosa •County of any moneys under the provisions of Chapters 550 and 551, Florida Statutes, relating to race tracks and Jai Alai or Pelota Frontons, and authorizing the pledge of a sufficient amount of •such tax proceeds and such moneys so., received under the provisions of said •Chapters 550 and 551, Florida Statutes,
■to the payment of the principal of and interest on such certificates.”
Casual examination of the title dis■closes that it is more expansive than contemplated. If it had been no more than “An Act Relating to the Construction of Additions and Repairs to Court House and Jail in Santa Rosa County and to Provide Payment Therefor”, it would have been ■sufficient. The fact that it violates the rrule against verbosity does not render it invalid. Whitney v. Hillsborough County, 99 Fla. 628, 127 So. 486; Posey v. Wakulla County, 148 Fla. 115, 3 So.2d 799. As to whether Section 15 of Article III, condemning an act on the ground that the title contains more than one subject was violated, see State v. Pinellas County, 160 Fla. 549, 36 So.2d 216, and State v. County of Palm Beach, Fla., 89 So.2d 607, 611.
The second question presented is whether or not the published notice of intention to apply to the legislature for the passage of Chapter 57-1827 met the requirements of Section 21, Article III, of the Constitution of Florida. The notice complained of is as follows:
“Notice is hereby given of intention to apply for the introduction of a local or special bill and the enactment thereof into law at the current 1957 session of the Legislature of the State of Florida, to provide for financing court houses, jails and other public buildings and extensions thereto in Santa Rosa County and authorizing and empowering the governing body of Santa Rosa County for the purpose of erecting or repairing or adding to any court house, jail or other public county building, to issue certificates of indebtedness in anticipation of any public building tax levied-under Chapter 135.01, Florida Statutes, 1955 [F.S.A.], and in anticipation of the receipt by Santa Rosa County of any moneys under the provisions of Chapters 550 and 551, Florida Statutes, 1955 [F.S.A.], relating to race tracks and jai alai or pelota frontons, and authorizing the pledge of a sufficient amount of such tax proceeds and such moneys so received under the provisions of said Chapters 550 and 551, Florida Statutes, 1955 [F.S. A.], to the payment of the principal of and interest on such certificates.”
This notice was published in “The Press-Gazette”, a newspaper of general circulation published in Santa Rosa County. It was published as required by Section 11.02, *368 Florida Statutes, F.S.A., and met all the requirements of Section 21, Article III of the Constitution. It was more than ample to give notice of the proposed legislation, so there is no merit to this contention.
The concluding question is whether or not the certificates were such as required an approving vote of the freeholders of the county under Section 6, Article IX of the Constitution of Florida.
Chapter 57-1827 provides that the certificates in question be payable solely from the proceeds of the tax authorized by Chapter 135, Florida Statutes, F.S.A., and moneys distributed to Santa Rosa County from license taxes collected from race tracks and jai alai or pelota frontons under Chapters 550 and 551, Florida Statutes, F.S.A.
We have previously pointed out that the act authorizing them and the certificates themselves provide that they shall not constitute a general obligation of Santa Rosa County nor shall the full faith and credit of the county or any tax revenues of the county, other than those provided therein, be pledged for the payment of them. State v. St. Johns County, Fla., 60 So.2d 530.
This court has consistently held that court houses and jails are essential to the existence of county government and do not have to be approved by a vote of the freeholders as required by Section 6, Article IX of the Constitution. Tapers v. Richard, 124 Fla. 549, 169 So. 39; Posey v. Wakulla County, 148 Fla. 115, 3 So.2d 799; Sunshine Construction Co. of Key West v. Board of Commissioners, Monroe County, Fla., 54 So.2d 524; State v. Lafayette County, Fla., 55 So.2d 799; State v. Sumter County, Fla., 60 So.2d 529; State v. County of Dade, Fla., 92 So.2d 186; State v. Florida State Imp. Comm., Fla., 60 So.2d 747; Yon v. Orange County, Fla., 43 So.2d 177; State v. County of Manatee, Fla., 93 So.2d 381.
The judgment appealed from is therefore affirmed.
Affirmed.
ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.