HOBSON, Justice.
Lee County filed a petition in the circuit court, twelfth judicial circuit, seeking the validation of certain Tax Anticipation Certificates which it proposed to issue pursuant to Section 135.01 Florida Statutes, F.S.A. in order to finance the expansion of its courthouse facilities. The Board of County Commissioners proposed to negotiate and sell such certificates for cash as distinguished from the delivery of nonnegotiable certificates to the contractor as payment for work performed or materials furnished.
The State’s attorney filed his answer which in essence alleged the certificates were bonds within the prohibition of Section 6, Article 9, Florida Constitution, F.S.A. He contends that by virtue of our holding in Tapers v. Pichard, Fla.1936, 124 Fla. 549, 169 So. 39, such certificates may not be sold for cash but only may be delivered to the contractor to be carried by him or discounted by him.
With this contentiton we do not agree. We can see no difference between selling the certificates for cash and delivering them to the contractor in lieu of cash payment for his services under the contract.
We therefore hold the Tax Anticipation Certificates herein involved are not bonds *789 within the meaning of Section 6, Article 9 of the Florida Constitution and we hereby affirm the decision of the Circuit Court validating said certificates.
It is so ordered.
TERRELL, and DREW, JJ-, concur.
THORNAL, J., concurs specially.
THOMAS, C. J., agrees to conclusion.