TERRELL, Justice.
This appeal is from a final decree validating certificates of indebtedness proposed by the Board of County Commis *141 sioners of St. Lucie County, pursuant to Chapter 135, Florida Statutes, F.S.A., for the purpose of constructing a court house and jail. It is admitted that all proceedings required by § 135.01, Florida Statutes, F.S.A., prerequisite to the decree of validation, were complied with. The appellant, John J. Kearney, a citizen and taxpayer, was permitted to intervene as party to the cause.
The first question presented is whether or not said certificates of indebtedness are in reality what they purport to be, or are they bonds within the meaning of § 130.01, Florida Statutes, F.S.A., or Section 6, Article IX of the Constitution, F. S.A.
This question is conclusively answered contrary to the contention of appellant in Tapers v. Pichard, 124 Fla. 549, 169 So. 39, and Posey v. Wakulla County, 148 Fla. 115, 3 So.2d 799, and cases cited therein. The following language in the body of the certificates of indebtedness would seem to conclude the question:
“This Certificate, including interest thereon, is payable solely from said special fund, and the Board of County Commissioners of St. Lucie County, Florida, is under no obligation to pay the principal of this Certificate or interest thereon except from the proceeds of said five (5) mills levy on the dollar of the assessed valuation of all taxable property in St. Lucie County, Florida.”
See also Article I, Section 1.01(G) of the authorizing resolution which we think concludes the question.
In Sunshine Const, of Key West v. Board of Commissioners of Monroe County, Fla.1951, 54 So.2d 524, the test of certificates of indebtedness like those involved in this case is defined and we think the present ones meet that test. State v. Lafayette County, Fla.1952, 55 So.2d 799; State v. St. Johns County, Fla.1952, 60 So.2d 530; State v. Palm Beach County, Fla. 1956, 89 So.2d 607; State v. Santa Rosa County, Fla.1958, 105 So.2d 365, and State v. Lee County, Fla. 1960, 121 So.2d 788. All the last cited cases approve the doctrine that certificates of indebtedness issued pursuant to § 135.01, Florida Statutes, F. S.A., for the erection of court houses and jails or additions thereto do not require an approving vote of the freeholders.
The second question presented is as follows: If the certificates of indebtedness which St. Lucie County proposes to issue are “bonds” but not of the type requiring approval of freeholders, is it necessary that the resolution authorizing same recite the exact rate of interest they are to bear?
The only case relied on by appellant to support this contention is Hillsborough County v. Henderson, 45 Fla. 356, 33 So. 997. This case had to- do with general obligation bonds of the county issued under Chapter 130, Florida Statutes, F.S.A., rather than certificates of indebtedness issued under § 135.01, Florida Statutes, F.S.A. We do not think it is remotely related to the case at bar.
In State v. Gadsden County, 63 Fla. 620, 58 So. 232, this court pointed out two alternatives that boards of county commissioners might employ to raise money for erection or repair of county buildings; they may issue bonds under Chapter 130, or they may levy a'special building tax as provided by § 135.01, Florida Statutes, F.S.A. In the case at bar they elected to proceed under the latter statute. The only statute relating to the rate of interest such certificates must bear is § 75.01, Florida Statutes, F.S.A., and this court has held that reciting the maximum rate of interest satisfies the requirement of said section.
It follows that the validating decree must be and is hereby affirmed.
Affirmed.
THOMAS, C. J., and HOBSON, TPIORNAL and O’CONNELL, JJ., concur.